CROSSLAND, *Appellant*, v. ADMIRE.

Division One, November 21, 1893.

| 118 | 87 |
| 64a | 85 |
| 118 | 87 |
| 72a | 380 |
| 118 | 87 |
| 74a | 221 |
| 118 | 87 |
| s149 | 653 |

1. **Practice:** JUDGMENT BY DEFAULT, ORDER SETTING ASIDE. An order setting aside a judgment by default is not a granting of a new trial, within the meaning of section 2241, Revised Statutes, 1889, and the court in making the order need not specify the grounds upon which it was granted.

2. ———: ———: TRIAL. A trial, under the code, is "the judicial examination of the issues between the parties, whether they be issues of law or fact" (R. S. 1889, sec. 2130). The issues are made by the pleadings and where there is default in pleading, there can be no issues to be tried, and no trial.

3. ———: ———: ———: NEW TRIAL. A new trial cannot be granted where there has been no trial; and a mere inquiry of damages after a judgment by default is not a trial, within the meaning of the statute.

4. ———: ———: ———: ———. Injecting into an order setting aside a judgment by default the statement that "a new trial was granted" is unauthorized and may be treated as surplusage.

5. ———: ———: APPEAL. An appeal does not lie from an order setting aside a judgment by default, under the provisions of laws 1891, page 70, which grant an appeal from "any order granting a new trial."

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

APPEAL DISMISSED.

*Peers & Morsey* for appellant.

(1) The trial court failed to specify of record the ground of new trial, and the order granting a new trial should, therefore, be reversed. The statute, as amended by the laws of 1887, provides that "every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted." Revised Statutes, section 2241. Such provision is not permissive but mandatory. Consequently, we submit that a failure to comply therewith, of itself, constitutes reversible error. *Taylor v. Agricultural Co.*, 47 Mo. App. 257; *Burke v. Kansas City*, 34 Mo. App. 570. (2) Defendant was not entitled to a new trial. If Kellum did not employ counsel he has no one to blame but himself; if he did employ counsel (which, however, does not appear to be the fact), and counsel failed to attend, he must, so far as this action is concerned bear

the consequences of their neglect and look to them personally for redress. *Kirby v. Chadwell*, 10 Mo. 392; *Austin v. Nelson*, 11 Mo. 192; *Gehrke v. Jod*, 59 Mo. 522; *Mathias v. Cameron*, 62 Mo. 504; Freeman Judgments, sec. 112; Black on Judgments, sec. 341. But, independently of the question of diligence, such showing is fatally defective in not stating the facts relied upon as a defense so as to enable the court to judge of its merits. It is not sufficient to aver in general terms that the defendant has a meritorious defense. The facts constituting the defense must be fully stated in order that the court may determine whether there is, or is not, a meritorious defense. *Lamb v. Nelson*, 34 Mo. 501; *Pry v. Railroad*, 73 Mo. 124; *Slagle v. Bodmer*, 75 Ind. 330; Black on Judgments, sec. 347; Freeman on Judgments, sec. 108; 12 American and English Law Encyclopedia, p. 138, note 1, and cases cited.

*Norton & Avery* for respondent.

Appellant, having in this cause, which is a civil one, failed to comply with rules numbered 11, 12, 13, 14 and 15, the respondent prays that when this cause is called for hearing, this court will, in accordance with the provisions of rule 16 of this court, dismiss the appeal.

MACFARLANE, J.—This suit in ejectment was commenced in the circuit court of Lincoln county, returnable to the September term, 1891. Summons was duly served on defendant more than thirty days before that term. Defendant did not answer or otherwise plead and on the fourth day of the term, final judgment was rendered against him for the possession of the land and for damages. Before the final judgment

was rendered, plaintiff offered evidence of his title, of the possession of defendant, of the value of rents and profits and of the damages. On the same day, defendant appeared by attorney and filed a motion, supported by affidavits, to set aside the judgment by default, alleging grounds therefor which need not be here stated. This motion was sustained by the following order entered of record: "It is, therefore, ordered by the court that the judgment hereinbefore rendered be, and the same is hereby, set aside, and for naught held, and a new trial granted herein." From this order of court, plaintiff appealed.

Two errors are assigned: *first*, that in setting aside the judgment and granting "a new trial," the court refused to specify of record the ground, or grounds, on which the new trial was granted, as required by section 2241, Revised Statutes; and, *second*, that the motion and affidavits did not show that defendant had a meritorious defense to the action. The view we take of the case, only requires a consideration of the first of these assignments.

The statute (section 2241) provides that "only one new trial shall be allowed to either party," with certain designated exceptions, and requires the grounds upon which a new trial may be granted, to be specified of record. We do not think an order setting aside a judgment rendered on default, is included within the terms or intent of the statute. There had been no trial, within the meaning of that term, and a trial must precede a new trial.

A trial, under the code, is defined to be "the judicial examination of the *issues* between the parties, whether they be issues of law or fact." Section 2130. Webster defines the word "trial" as "the formal examination of the matter in issue in a cause, before a competent tribunal; the examination, in legal form, of

the facts in issue in a cause pending before a competent tribunal, for the purpose of determining such issue." Bouvier adopts the definition of the court of Massachusetts (4 Mass. 232), "the examination before a competent tribunal according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue."

Black, in his law dictionary, defines a trial to be "the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue."

It will be seen by every definition, that a trial is had for the determination of issues. Issues are made under the code, as well as at common law, by the pleadings. In case of default in pleading, there can be no issues to be tried, and no trial can be had within the meaning of the term as given in the books, and as understood by the profession.

"A new trial is a re-examination, in the same court, of an issue of fact, or some part or portion thereof, after a verdict by a jury, report of a referee, or a decision by a court." Code of Iowa, adopted by Black in his dictionary as a definition of "new trial."

A mere inquiry of damages after a judgment by default, is not a trial within the meaning of the statute. The rights of the parties are established by the interlocutory judgment, and the inquiry is directed solely to the amount for which the judgment shall be given. No issue between the parties is tried. A motion for a new trial must be predicated upon some error committed in the trial, by which the verdict or finding was improper. Sections 2239, 2240.

The motion of defendant was not for a new trial, but to set aside the judgment, in order that he might have a trial. The grounds of the motion were not

placed upon an error occurring in the trial, but upon a misunderstanding between defendant and his counsel, by reason of which the default occurred. The motion then was to set aside the judgment and not for a new trial, and the court was not required to give a reason for its action. Injecting into the order the statement that a new trial was granted, was not authorized, and may be treated as surplusage.

The amendment of section 2246 (Laws of 1891, p. 70) allows an appeal from "any order granting a new trial." As plaintiff bases his right of appeal solely upon this provision, and as no new trial was granted, it follows that the appeal should be dismissed, which is accordingly ordered. All concur, except BARCLAY, J., who is absent.