Harriet FISHER

v.

Stephen MAHLER.

No. 24531.

Kansas City Court of Appeals.
Missouri.

Oct. 3, 1966.

Wyman Wickersham, Thomas J. Conway, Jr., Kansas City, for appellant, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

Robert S. McKenzie, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, Harriet Fisher, sued Stephen Mahler and Libby Clark, defendants, for damages alleged to have been suffered by plaintiff when the automobile which plaintiff was operating came into collision, on a street in Kansas City, with an automobile owned by Libby Clark and being operated by defendant Mahler. That suit was dismissed as to defendant Clark and, at the same session of circuit court, a default judgment in the amount of $5,000.00 was entered in favor of plaintiff and against

Mahler. Mahler, within three years after rendition of the judgment, moved to set same aside on the ground of irregularity. The court sustained the motion and set the judgment aside. Plaintiff refused to try the cause on the merits and appealed from the order and judgment of the court.

This action to set aside the default judgment is founded on the provisions of Section 511.250, V.A.M.S., which limits the time within which a judgment can be set aside for irregularity. Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672. The statute is further implemented by Civil Rule 74.32, V.A.M.R.

The judgment complained of is, in fact, an irregular judgment, although it is referred to as a "default" judgment. It was irregularly entered as a default judgment. Mahler was not in default at the time the judgment was rendered. There was then on file an answer to the petition of plaintiff Fisher; but Judge Stubbs, who was sitting when the case was called up for trial and who rendered the default judgment, did not know that such answer was on file but acted on the assumption that it was a default case. He testified as a witness in the instant hearing that he would not have rendered this default judgment against Mahler had he known the true facts, but that he would have caused the giving of notice to Mahler of a setting for trial, which was not done.

The order and judgment entered herein is appealable, as appears from the facts herein. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 137 (Par. 5–8). The court there said that a motion, such as this, must be based on an irregularity which is patent of record (as this one is). The court then said: "An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner". The court further said that such irregularities

of fact "must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure". As supporting the above statements of law, see Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672, 675, et seq.; Audsley v. Hale, 303 Mo. 451, 261 S.W. 117, 121.

Mahler, a resident of Flushing, New York, a law school student at New York University, had been vacationing in California. Through a "Drive-Away" service he arranged to drive Libby Clark's automobile from California to the east coast. Miss Clark, her mother, and her nephew were passengers. While passing through Kansas City, July 8, 1961, this collision occurred. Miss Clark and her mother were hospitalized. Mahler posted bond for appearance in Traffic Court and then proceeded on to New York. He arranged, by mail, for attorney Charles Svoboda, of Kansas City, to represent him on the traffic charge which was, later, dismissed. On July 20, 1961, he received summons and petition in a suit filed by plaintiff in this case, wherein she sought damages against him and Miss Clark, on account of the aforementioned collision. He forwarded the papers to Miss Clark in California, under the mistaken belief that Miss Clark, the owner of the car, had liability insurance that protected both her and Mahler.

On August 4, 1961, attorney Leona Pouncey of Kansas City, filed an answer for both defendants and a counterclaim for Miss Clark. Svoboda wrote Mahler, August 23d, that he had talked to Mr. Wickersham (plaintiff's attorney in this case), who told him that Mrs. Pouncey had filed answer for both defendants; that, from Svoboda's knowledge of such matters, this indicated to him that Miss Clark had no insurance. He suggested that Mahler notify his insurance carrier and request representation. Mahler acted upon this advice, but his insurance carrier failed to do as requested, probably because its officers mis-

takenly believed that it was only secondarily liable. Attorney Pouncey, later, filed a further pleading in the case, on behalf of both defendants. Mr. Wickersham filed a "listing" card indicating that the case would be tried to a jury, not as a default case. It can be said, with reasonable accuracy, that plaintiff's counsel knew that, at all times herein, Mahler was not in default but that he had an answer on file. Mrs. Pouncey never filed a withdrawal as counsel, or gave any notice to either Mahler or to the court that she did not represent Mahler, in good faith, as his attorney. There was undisputed evidence to the effect that Mahler never had any notice of a setting of the case for trial, or that Mrs. Pouncey was not representing both defendants in this case. He learned of the default judgment more than thirty days after its rendition.

When the case was called for trial, Mrs. Pouncey and Mr. Wickersham were present. Counsel dismissed as to Miss Clark and Mrs. Pouncey announced that she, at no time, ever represented Mahler. Neither she nor Wickersham informed the trial judge that an answer was in the files, filed by Pouncey for Mahler, and the court was unaware of that fact: The case, as to Mahler, was taken up and disposed of as a default case. Evidence was heard on behalf of plaintiff and Mrs. Pouncey who, at that time, represented no party to the cause, cross-examined witnesses. A most unusual procedure! She excuses her conduct on the ground that she wanted to put her client in the best possible position. On December 10, 1963, Mrs. Pouncey wrote Miss Clark's California attorney suggesting that Miss Clark "does have an action against Stephen Mahler", and suggesting that it be brought in New York. She also suggested that Miss Clark's mother and nephew each had such an action against Mrs. Fisher and suggested that the *writer* could be contacted in Kansas City.

In short, Mrs. Pouncey assumed to act as attorney for Mahler, with his knowledge, but without his direct procurement. She filed an answer, of which he knew. As a result thereof, he employed no counsel of his own. She permitted the case to be called for trial, knowing that Mahler had no notice thereof. She failed to inform the court that, although Mahler was not her client, she, nevertheless, had filed answer for him and that, therefore, Mahler was not in default. She injected herself into the actual trial of the case by cross-examining witnesses, although she represented no interested party. She never notified Mahler of the rendition of a default judgment against him. (Mahler did not learn of it until more than 30 days after its rendition). She encouraged the institution of another lawsuit against him, and she offered her services in connection with other possible litigation growing out of this collision.

■ This whole record smells of fraud practiced on the court, and of the intentional deception of a young man, whose home was hundreds of miles from this jurisdiction. The default judgment herein was irregularly entered and was properly set aside by the trial judge, in the exercise of his sound discretion in the interest of justice. See J. R. Watkins Company v. Hubbard, 343 S.W.2d 189 (K.C.A.) where the facts are somewhat analogous, although the action was not founded on the statute, as in this case.

The judgment appealed from is for the right party, promotes the administration of justice, and is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.