**Kurt J. DIEKMANN and Norma (Mrs. Kurt) Diekmann, Plaintiffs-Appellants,**

v.

**ASSOCIATES DISCOUNT CORPORATION, a Corporation, and Emmco Insurance Company, Defendants,**

**Bernard H. Lindenbusch, d/b/a Ben Lindenbusch, Defendant-Respondent.**

**Nos. 32122, 32199.**

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1966.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 17, 1967.

W. W. Sleater, St. Louis, for appellants.

Mehan & Sanders, by Richard J. Mehan, St. Louis, for defendant-respondent.

CLEMENS, Commissioner.

The plaintiffs, Kurt J. Diekmann and his wife Norma Diekmann, appeal from an order vacating a default judgment they had

gotten against defendant-respondent Bernard H. Lindenbusch, a car dealer. The parties brief two issues: Is the order appealable? If so, was it proper for the trial court, after the judgment had become final, to set it aside on the ground it had been rendered on an amended petition not served on defendant Lindenbusch?

The plaintiffs had sued three defendants for damages suffered from buying, financing and insuring an automobile. Each was served with summons. The financer and the insurer pleaded but defendant Lindenbusch defaulted. Later, plaintiffs filed an amended petition but did not have it served on defendant Lindenbusch. Still later, plaintiffs dismissed their amended petition against the defendant financer and insurer and proved up a $1,496 default judgment against Lindenbusch. After the judgment had become final, the plaintiffs got out an execution and garnishment against defendant Lindenbusch. He then moved the court to set aside the judgment on the ground of irregularities on the face of the record. The court granted the defendant's motion, quashed the garnishment, set aside the default judgment, and put the case back on the docket. Plaintiffs promptly appealed from that order. (Appeal No. 32,122.) With an abundance of caution, plaintiffs simultaneously filed a motion for new trial. When that was denied by the passage of ninety days without court action, plaintiffs again appealed. (Appeal No. 32,199.)

At the threshold we meet defendant's motion to dismiss plaintiffs' appeals. He contends the appeals are premature because the plaintiffs have not yet suffered an adverse judgment; that they must submit to a retrial and only then can appeal—if they lose. Lindenbusch points to a wide range of cases holding that a plaintiff cannot appeal from an order setting aside a default judgment.

■■■ Before discussing these cases we must separate them according to the *time* each default judgment was set aside. This, because there is a material difference between default judgments that are not final and those that have become final. Here, the Diekmanns' default judgment was rendered June 19, 1964; it had become a *final judgment* when the trial court set it aside November 2, 1964. So, this case differs from those where the trial court sets aside the default judgment within thirty days after the judgment (or in pre-code days did so during the term the default judgment was rendered). By common law (Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1 [1]) and now by Civil Rule 75.01, V.A.M.R., trial courts then had and now have the power to vacate default judgments rendered within those times. During this incubation period a default judgment is "within the breast of the court"; and because it has not become final, setting it aside is a discretionary act from which no appeal lies. McCormick v. St. John, 236 Mo.App. 72, 149 S.W.2d 894 [1]; Kallash v. Kuelker, Mo.App., 347 S.W.2d 467 [4]. Even though a plaintiff may have filed a motion to vacate, when the court sets aside the default judgment within thirty days the court is deemed to have acted on its own initiative; and the motion is considered as only a "suggestion to the court." Mid-States Equipment Corp. v. Hobart Welders Sales & Service, Mo.App., 233 S.W.2d 757 [4]; Owens v. Owens, Mo.App., 280 S.W.2d 867, l. c. 869. We point up this distinction because several cases cited by defendant,[1] and other cases,[2] holding that an appeal does not lie from an order setting aside a default judgment were cases where the order was made during the trial court's discretionary

---

1. Harper v. Harper, Mo.App., 379 S.W.2d 889; Steffan v. Steffan, Mo.App., 390 S.W.2d 587 [6]; Crossland v. Admire, 118 Mo. 87, 24 S.W. 154; Owens v. Owens, Mo.App., 280 S.W.2d 867.

2. Holder v. Chidister, Mo., 193 S.W. 568; Carter v. Levy, Mo.App., 217 S.W. 549; Kallash v. Kuelker, Mo.App., 347 S.W. 2d 467.

period, before the judgment became final. Those holdings of premature appeal were required for a different reason: because there never had been a final judgment. They are not in point here.

Defendant Lindenbusch spotlights the oft-cited case of Bussiere's Administrator v. Sayman, 257 Mo. 303, 165 S.W. 796. In that case, as here, the trial court set aside a final default judgment. The plaintiff-appellant contended that the trial court's order vacating his final default judgment was a "special order after final judgment," and therefore was appealable under the statute (now § 512.020, V.A.M.S.). The Supreme Court rejected this, saying: "Is there here left any *final judgment* in the cause when the appeal is prayed? Clearly not, because the motion being acted on favorably by the court has utterly wiped the final judgment off the record and the earth. It is not and cannot be an appeal after final judgment, because to my mind such a term could be applied only where a final judgment still existed, not to a case where it had utterly ceased to exist." [3] The reasoning in *Bussiere* was followed in Stanton v. Hanna, Mo., 199 S.W. 145. We find no other case where the Supreme Court has applied *Bussiere* to an order setting aside a *final* default judgment.

The defendant clings to this concept that there is no appeal from an order vacating a final default judgment, citing our two opinions in Farrell v. DeClue, Mo.App., 365 S.W.2d 68 and 382 S.W.2d 462, where we followed *Bussiere*. The results there demonstrated the futility of following *Bussiere*. In the first DeClue case plaintiff got a default judgment for $9,000; the trial court set it aside—erroneously. But when plaintiff appealed we followed the procedure prescribed by *Bussiere*, dismissed his appeal as premature, and remanded the case.

Plaintiff then tried his case to a jury and got a $2,500 verdict. Again plaintiff appealed, and only then did we consider the merits of the original order vacating the default judgment—and we held it was erroneous. We again remanded, this time ordering the trial court to reinstate the original $9,000 default judgment. By thus adhering to *Bussiere*, we compelled the plaintiff—who had a valid default judgment all along—to undergo a jury trial and a second appeal before we would consider the prejudicial error that had been patent on the record all the time. If *Bussiere* had not been a part of our judicial wardrobe for so many years, we could well ask: Would you believe it?

But in Casper v. Lee, 362 Mo. 927 (banc), 245 S.W.2d 132, our precise issue—an appeal from an order vacating a final default judgment—was ruled to the contrary. There, the plaintiff got a default judgment on October 5, 1949, giving him title to real estate and damages. After the default judgment had become final, it was set aside on the defendant's motion; and, just as here, the plaintiff appealed. The court said:

"On December 7, 1949, more than thirty days after the entry thereof, respondent filed a motion to vacate and set aside the default judgment. After hearing, the motion was sustained; the judgment was set aside; and the case was ordered reinstated on the docket. After an unavailing motion for a new trial, appellant has taken this appeal from the order or judgment setting aside the judgment in favor of appellant. *An appeal lies from such an order or judgment.* * * *" (Our emphasis.)

The court then took up the merits of the motion to vacate. Judges Dalton and Hyde

---

**3.** Whether the final default judgment had "ceased to exist" would seem to depend on whether the order setting it aside was a *lawful* order. By dismissing the appeal on the ground that the final default judgment had "ceased to exist," the appellate court assumed—but refused to determine—the lawfulness of the very order on which it based its decision.

dissented, not on the issue of appealability but on the merits of the order.

In thus holding that an appeal does lie from an order setting aside a final default judgment, the Supreme Court turned away from its ruling in *Bussiere*. This case of Casper v. Lee is the last word of the Supreme Court on the point now before us. So, we must and do rule that the plaintiffs Diekmann may appeal from the trial court's order setting aside their final default judgment. The Kansas City Court of Appeals recently followed the Casper case, twice holding that if the trial court vacates the plaintiff's final default judgment, the plaintiff may appeal to challenge the propriety of the order that took away his judgment. Fisher v. Mahler, Mo.App., 407 S.W.2d 590, and Robinson v. Clements, Mo.App., 409 S.W.2d 215, decided October 3, 1966, held that Casper v. Lee controlled the issue of appealability.

▮▮ Defendant-respondent Lindenbusch argues, logically, that we must have statutory authority to consider the appeal. Section 512.020, V.A.M.S., authorizes appeals: from any order granting a new trial, from certain designated orders and interlocutory judgments that determine the rights of the parties, from any final judgment, and *from any special order after final judgment in the cause*. In *Bussiere* the court pointed out that the order appealed from had wiped out the judgment and reasoned that the italicized clause authorized an appeal only when a final judgment still existed *after* the trial court's order. But the clause "from any special order after final judgment" is open to another construction: an appeal lies from any order *made* after a judgment has become final. The law favors appeals, and statutes granting appeals should be liberally construed. (Fenton v. Thompson, 352 Mo. 199, 176 S.W.2d 456 [5]; 2 Mo.Digest, Appeal and Error, ▮▮ Viewed in that light, an order vacating a default judgment after it has become final is "a special order after final judgment"; and an appeal should lie to

test the power of the trial court to take away the plaintiff's final judgment. But our ruling need not rest on that construction of § 512.020, V.A.M.S. Enough that in Casper v. Lee the Supreme Court ruled that a case like ours is appealable. So, we deny respondent Lindenbusch's motion to dismiss the appeals and move on to consider the merits of the trial court's act of vacating the final default judgment.

Here is the time table of relevant events leading to the vacation of plaintiffs' judgment:

*November 12, 1960.* Plaintiffs filed their amended petition in five counts against all three defendants; counsel's typed notation shows that copies were mailed to each defendant.

*July 16, 1963.* Plaintiffs and the two corporate defendants filed a stipulation for dismissal with prejudice, at plaintiffs' costs.

*May 27, 1964.* Counsel for plaintiffs filed "Notice of Hearing" to present evidence on June 2, 1964; counsel's notation shows that a copy was mailed to defendant Lindenbusch by certified mail and a return receipt was attached, signed "Ben Lindenbusch."

*June 2, 1964.* Plaintiffs appeared and dismissed Counts One, Three, Four and Five. Defendant Lindenbusch remained in default. Evidence heard and cause submitted. Judgment for plaintiffs against defendant Lindenbusch for $1,145 actual damages, $1 punitive damages, $350 attorney fee, and costs.

*October 13, 1964.* Defendant Lindenbusch filed his motion to quash summons in garnishment and set aside judgment for plaintiffs' failure to serve Lindenbusch with copy of amended petition.

*November 13, 1964.* Motion granted, judgment set aside, and cause reinstated on docket.

**700**

Our examination of this record and the law convinces us (a) that by rule some amended petitions must be personally served on defaulting defendants, (b) that this amended petition is within that rule, and (c) that plaintiffs' failure to comply with the rule was an irregularity which empowered the trial court to vacate the final default judgment. Civil Rule 43.01(a), V.A.M.R., says:

> "*Service—When Required.* Every pleading subsequent to the original petition * * * shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that *pleadings asserting new or additional claims for relief* against them shall be served upon them *in the manner provided for service of summons in this code.*" (Our emphasis.)

Defendant Lindenbusch was in default and the amended petition was not served upon him in the manner provided for service of summons. So, we must ask: Did plaintiffs' amended petition assert new or additional claims against him?

█ Count One of the amended petition changes the original allegations about the sale, tender and demand for the automobile and the amounts of carrying charges, and adds charges of duress and threat of repossession. Count Two of the original petition charged that defendants conspired to defraud plaintiffs; Count Two of the amended petition, on which the default judgment was rendered, adds that the acts of "plaintiffs" were malicious, willful and deliberate, but says nothing of fraud. The amount of damages prayed in Count Three of the amended petition exceeds the amount sought in original Count Three. Counts Four and Five of the amended petition seek penalties and damages not sought by the corresponding counts of the original petition. Beyond question, this amended petition asserts "new or additional claims for relief." It follows that plaintiffs violated Civil Rule 43.01(a), V.A.M.R., by failing to serve a copy of it on defendant Lindenbusch.

█ Having reached this conclusion we next ask whether this violation of the rule empowered the trial court to set aside the final judgment. Our procedural arsenal holds six weapons designed to bring down a final default judgment: a separate suit in equity, a statutory petition for review, a nunc pro tunc order, a motion in the nature of a writ of error coram nobis, a motion showing fraud practiced on the court, and a motion showing irregularity on the face of the record. (See Vol. 28, MLR, p. 281, 1963.) The last is the one facing us. Civil Rule 74.32, V.A.M.R. (§ 511.250, V.A.M.S.), states:

> "*Motion to Set Aside, When Filed.* Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof."

These words acknowledge the common law existence of the remedy and merely put a time limit on its use. Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672 [2].

█ The irregularity must be one that "is patent on the record, and not one depending upon proof *dehors* the record." Casper v. Lee, 362 Mo. 927 (banc), 245 S.W.2d 132 [6]; Harrison v. Slaton, Mo., 49 S.W.2d 31 [3]. The plaintiffs concede that the amended petition was not personally served on the defendant; the record shows that their counsel relied on service by mail. Mail service suffices only if a party is represented by counsel of record. Civil Rule 43.01(b), V.A.M.R. Further, the irregularity must be "a want of adherence to some prescribed rule or mode of procedure consisting either in omitting to do something that is necessary, or in doing it at an unreasonable time or in an improper manner." Murray v. United Zinc Smelt-

ing Corp., Mo., 263 S.W.2d 351 [4]; Edson v. Fahy, Mo., 330 S.W.2d 854 [1]. It was that kind of irregularity. For example, courts have properly set aside final judgments where it appeared from the face of the record that judgment was rendered before the time for answering had expired (Poindexter v. Marshall, Mo.App., 193 S.W.2d 622 [2]); that the judgment gave plaintiff more than he asked for in his petition (Johnson v. Underwood, 324 Mo. 578, 24 S.W.2d 133 [13]); and that judgment approving a redemption bond was rendered without giving statutory notice to the purchaser (White v. Huffman, Mo.App., 304 S.W.2d 909 [4]).

Turning from illustrations to a case more directly in point, we note Rubbelke v. Aebli, Mo., 340 S.W.2d 747 [6-9]. There, the face of the record showed that the defendant was duly summoned and answered, but did not appear at the time of trial; without notice to the defendant, the plaintiffs then made material amendments to their petition, and judgment was rendered against the defendant. After the judgment was final, the defendant's motion to vacate was *denied*. On appeal the court reversed, ruling there was an irregularity patent on the record and that the trial court should have vacated its judgment and given the defendant an opportunity to be heard on the merits of the amended petition. So, the trial court there was reversed for *not* doing the very thing the trial court did do here.

The orders vacating the plaintiffs' default judgment and denying their motion for a new trial are affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the orders vacating the plaintiffs' default judgment and denying their motion for a new trial are affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.