Thomas J. O'MARA and Evelyn O'Mara, Plaintiffs-Appellants,

v.

Winefred GINGRICH and Mrs. Winefred Gingrich, Defendants-Respondents.

No. 32813.

St. Louis Court of Appeals. Missouri.

Jan. 16, 1968.

Gerritzen & Gerritzen, St. Louis, for appellants.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, Robert E. Keaney, St. Louis, for respondents.

TOWNSEND, Commissioner.

Petition in two counts alleging tortious destruction of plants, shrubbery and trees by defendants through the instrumentality of a tree trimming company. Damages in the amount of $14,000 were prayed. The record shows that personal service was had upon the defendants.

On November 2, 1966, default and inquiry was granted plaintiffs against defendants and copy thereof was mailed to defendants' insurance company.

Notice that plaintiffs would take up for hearing the default and inquiry on December 6, 1966 was filed on November 30, 1966 and copy thereof was mailed to the defendants and to their insurance company on November 29, 1966.

The case was called for hearing on December 6, 1966. Defendants did not appear and plaintiffs presented their evidence. Judgment was entered for plaintiffs on the two counts for $5000 on the same date. On December 7, 1966, defendants filed their motion to "Set Aside or Vacate Default Judgment", alleging that they had meritorious defences both as to the merits of plaintiffs' asserted cause and as to damages. Hearing on the motion was had on December 9 and the matter was submitted. The trial court set aside the default judgment on December 13; defendants were given ten days within which to file responsive pleadings.

Plaintiffs filed Motion to Reinstate Judgment on December 19, 1966, asserting that failure to reinstate would be an abuse of discretion and asking that the court state that its decision on this motion be a final appealable order. The Motion to Reinstate was overruled December 20 and notice of appeal was filed on December 23, 1966.

Rule 75.01, V.A.M.R., provides:

"The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, re-open, correct, amend or modify its judgment for good cause within that time."

Plaintiffs base their charge of an abuse of discretion upon the ground that defendant totally failed to show good reason or excuse for their default and likewise failed to plead facts which would show a meritorious defence to plaintiffs' complaint.

Defendants rest their position entirely upon the proposition that the trial court's order of December 13, 1966, vacating the default judgment is not an appealable order.

It cannot be controverted that an order vacating a default judgment within thirty days after rendition does not amount to a final judgment. After the default judgment has been set aside the posture of the case is simply this: No determination of the merits of the case has been made, no rights or duties of either party have been decided and after appropriate responsive pleading has been filed the case will be ready for trial. As was pointed out by this court in Diekmann v. Associates Discount Corp., 410 S.W.2d 695, 697, there is no element of finality where the trial court sets aside the default judgment within thirty days after the judgment—or in pre-code days did so during the term in which default judgment was rendered. The net result has been a long line of cases holding that, that finality lacking, an order vacating a default judgment is not appealable. Crossland v. Admire, 118 Mo. 87, 24 S.W. 154; Holder v. Chidister, Mo., 193 S.W. 568; Carter v. Levy, Mo.App., 217 S.W. 549; Owens v. Owens, Mo.App., 280 S.W. 2d 867; Kallash v. Kuelker, Mo.App., 347 S.W.2d 467; Harper v. Harper, Mo.App., 379 S.W.2d 889; Steffan v. Steffan, Mo. App., 390 S.W.2d 587. As was so graphically put in Diekmann v. Associates Discount Corp., supra, "During this incubation period a default judgment is 'within the breast of the court'; and because it has not become final, setting it aside is a discretionary act from which no appeal lies." Long ago, the Supreme Court said, with respect to an or-

der vacating a default judgment, "The motion then was to set aside the judgment, and not for a new trial, and the court was not required to give a reason for its action." Crossland v. Admire, supra, at 24 S.W. 154, 155.

In view of the argument of counsel, we note the distinction between the case under consideration and the following situations:

1. Where defendant's motion to vacate the default judgment is overruled within the thirty day period.

2. Where the defendant's motion to vacate is sustained after the thirty day period.

In situation No. 1, the defendant has "reached the last ditch" (Carter v. Levy, supra) and the order overruling his motion to vacate is an appealable order. Edwards v. Rovin, Mo.App., 322 S.W.2d 139. And see Savings Finance Corp. v. Blair, Mo. App., 280 S.W.2d 675. In the second situation, where the default judgment has become final, the order sustaining defendant's motion to vacate is an appealable order; here the plaintiff has had a final judgment taken from him and he is obviously an aggrieved party. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; Diekmann v. Associates Discount Corp., supra.

While not denying the great weight of the decided cases, plaintiffs-appellants ask that we consider as an appealable order the sustaining of the motion to vacate and direct to us a policy argument that it is against public policy to further crowd the dockets and cause justice to wait until after a jury has rendered a verdict determining the issues. In view of the statute, the rules and the precedents, we think that such an entreaty should be addressed elsewhere.

The order of the trial court sustaining the motion to vacate the default judgment was not an appealable order. The appeal is dismissed.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, the appeal is dismissed.

ANDERSON, P. J., WOLFE, J., and MICHAEL F. GODFREY, Special Judge, concur.