**Betty YOUNG, Plaintiff-Respondent,**

v.

**Sumner O. SMITH, By his Guardian ad litem, W. Dale BURKE, Defendant-Appellant.**

No. 12726.

Missouri Court of Appeals, Southern District, Division Two.

March 18, 1983.

Kenneth E. Reid, Lynn E. Heitman, Turner, Reid, Duncan & Loomer, P.C., Springfield, for defendant-appellant.

Henry S. Clapper, James J. Randall, Monroe, Clapper & Randall, Monett, for plaintiff-respondent.

HOGAN, Judge.

Defendant, by his guardian ad litem, appeals from an order refusing to set aside a final judgment by default. We affirm.

On November 9, 1980, plaintiff Betty Young was injured when the automobile in which she was riding as a passenger was struck from the side by defendant's vehicle. Defendant's casualty insurer, Shelter Mutual Insurance Company, paid some or all of the plaintiff's medical expenses and engaged in desultory negotiation with her attorney from the time of the accident until April 7, 1981.

On February 11, 1982, plaintiff commenced an action for damages for personal injury in the Circuit Court of Lawrence County. A writ of summons issued; the return thereto indicates personal service was had on the defendant on February 22. On March 26, 32 days after personal service was had on the defendant, the cause was called for hearing. Defendant filed no pleading; he did not appear at the trial. Plaintiff made proof of the accident and testified to her injuries. The court entered judgment for the plaintiff in the amount of $25,000.

On April 7, defendant's casualty carrier filed a pleading entitled "Suggestion of Mental Infirmity of Defendant." The pleading recites the insurer's interest; its payment of $332.47 to plaintiff as "advance payments" under the provisions of § 490.-710, RSMo 1978;[1] that the defendant had failed to notify it that an action had been commenced against him and that the carrier first obtained knowledge of the judg-

---

**1.** References to statutes and rules are to RSMo 1978 and Missouri Rules of Court (13th ed. 1982), unless otherwise noted.

ment on March 31, 1982. It was further averred that defendant was 84 years of age and because of his deteriorating mental alertness was not capable of caring for his own interests in the litigation. Prayer of the pleading was for inquiry into the defendant's mental and physical condition; for the appointment of a guardian ad litem and for vacation of the default judgment either of the court's own motion or upon motion of a guardian ad litem appointed for the defendant. The pleading is quite obviously a suggestion of physical or mental infirmity and a request for the appointment of a guardian ad litem pursuant to Rule 52.02(k).

Shelter Mutual asked for an accelerated hearing, but the motion or suggestion was not called until April 15. Counsel for the carrier appeared. The attorney who appeared for the plaintiff suggested that Shelter Mutual had in fact denied coverage and that "bringing this motion at this time is the—. . . would result in the detriment of the Defendant in whose behalf I think they're . . . appearing." The trial court indicated, apparently without having seen the defendant, that it intended to appoint a guardian ad litem for him simply upon the strength of the allegations of the insurer's motion.

On the following day, the same attorneys again appeared. The attorney who had previously appeared on behalf of Shelter Mutual announced that she now appeared as counsel for the defendant. She further announced she would like to withdraw Shelter Mutual's suggestion of mental and physical infirmity. Leave to do so was granted, and counsel for the defendant then made an "oral suggestion" of mental infirmity pursuant to Rule 52.02(k) and requested that a guardian ad litem be appointed. The court announced it had appointed Mr. W. Dale Burke, an attorney with offices at Monett. Mr. Burke appeared and consented to act as guardian ad litem.

Counsel for defendant and Mr. Burke were thereupon asked if they wished to take up their motion to set aside the default judgment entered on March 26. Over plaintiff's objection that she had no notice, the guardian ad litem was permitted to file a pleading styled "Motion of Guardian ad Litem to Set Aside Default Judgment Entered on March 26, 1982." Upon the slender record and meager briefs before us, it is impossible to characterize this motion precisely.

The judgment of March 26 was not an interlocutory judgment by default; plaintiff neither asked for nor was granted an interlocutory order and it was competent for the court to hear proof of plaintiff's damages and enter a final judgment by default. *Fawkes v. National Refining Co.,* 341 Mo. 630, 637, 108 S.W.2d 7, 10[4] (1937); *Cornoyer v. Oppermann Drug Co.,* 56 S.W.2d 612, 613[1] (Mo.App.1933). The judgment attacked was a final judgment by default; therefore the motion to set aside cannot be a proceeding under Rule 74.05. In the first paragraph of the motion, filed April 16, it was averred "That on April 16, 1982, the parties hereto earlier agreed that a guardian ad litem should be appointed for defendant pursuant to the provisions of Rule 52.03(k) [sic]; that movant then was appointed as such guardian ad litem; and that, as such appointment may be made only upon a finding that the defendant is incapable, by reason of mental or physical infirmity, of properly caring for his own interests in this litigation brought against him, it is apparent on the face of the pleadings, docket entries and orders in this action that the default judgment entered herein on March 26, 1982, should be set aside by reason of its having been entered prior to the appointment of a guardian ad litem." Such allegations are appropriate to a motion to set aside for irregularity under Rule 74.32. See *McDaniel v. Lovelace,* 439 S.W.2d 906, 910–911[7, 8] (Mo.1969). The allegations of paragraphs 3 and 4 are apposite to a petition for review under the provisions of Rules 74.14 to 74.17, but the language of Rule 74.12 requires an allegation

that defendant was not personally served, and because defendant was personally served with process, the remedy of petition for review was not available to him, no matter how meritorious his defense would have been. *Boas v. Cliffdale Land & Farm Co.,* 193 S.W. 806, 807[2] (Mo.1917); *Schneider v. Schneider,* 273 S.W. 1081, 1083–1084[3] (Mo.App.1925); Comment, Procedure—Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 284–285 (1963). Precise characterization of the motion is, in any event, unnecessary to an orderly determination on the merits. We attempt none.

The court then heard evidence on the motion to set aside the default judgment. We shall discuss its import presently. After the evidence had been heard but before the cause had been submitted, the guardian ad litem stated: "... Counsel for Guardian —Or, as Guardian Ad Litem, I have moved to withdraw our motion to set aside default judgment." Counsel for both the guardian ad litem and for the plaintiff agreed to the withdrawal.

The docket sheet then recites that on April 22, 1982, the motion to set aside the default judgment was refiled, and the entry continues "By consent and agreement of all parties, court hereby fully considers all pleadings, exhibits and proof heretofore adduced on 4/16/82 on the record [and] hereby rules said motion without further argument or appearance of the parties, all parties expressly waiving ... all right to further appearance ...." On April 23, 1982, the court entered a motion denying the motion to set aside the default judgment.

■ The record is remarkable only for its procedural informality. Two points have been briefed: First, that the trial court erred in failing to inquire into the mental and physical condition of the defendant pursuant to Rule 52.02(k) because the rule requires that the court do so if any question regarding the defendant's competence is raised. We are inclined to agree

that Rule 52.02(k) contemplates an inquiry before an appointment of a guardian ad litem is made, but we have searched the record in vain for any objection to the trial court's mode of procedure before this appeal was taken. The parties proceeded as if the inquiry and appointment were regular; in fact, following Mr. Burke's appointment, both counsel for the defendant and the guardian ad litem insisted on an accelerated hearing. Thereafter, all parties in effect stipulated that the court might proceed to a second consideration on the record. This contention was not presented to the trial court, and it has long been the rule that an appellate court will not, on review, convict a lower court of error on an issue which was not put before it to be decided. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36[12] (Mo. banc 1982); *School District of Kansas City v. Smith,* 342 Mo. 21, 25, 111 S.W.2d 167, 168 (1937); *Alexander v. Hayden,* 2 Mo. 211, 212 (1830).

■ Further, the appellant guardian ad litem asserts that the trial court erred in failing to set aside the default judgment because defendant's failure to defend was a result of his incompetence. The evidence does not require that conclusion. Defendant testified he could read the summons at the time it was served upon him. The evidence permits the conclusion that he realized the summons was an important paper which he put in a place of safekeeping until a very distant relative could explain it to him. The defendant was 84 years of age, but dotage, which is that deterioration of mental faculties resulting from old age, does not necessarily mean that the person suffering therefrom is non compos mentis. 41 Am.Jur.2d, Incompetent Persons § 4, p. 545 (1968). Moreover, the trial court's appointment of a guardian ad litem for the defendant for after-trial purposes is not fatally inconsistent with its denial of the motion to set aside. Determinations of incompetency are not of necessity retroactive. *Forbis v. Forbis,* 274 S.W.2d 800, 805[5–9] (Mo.App.1955); 2 Wigmore, Evidence § 437, pp. 514–519 (Chadbourn Rev.1979).

In candor, because no findings of fact were requested and none were volunteered, we do not know the route by which the trial court reached its decision. We are bound by Rule 73.01(a)(2) to regard all fact issues as having been found in accordance with the result reached, but as indicated, we do not know precisely what issues were tendered or decided. In any event, the guardian ad litem has demonstrated no error materially affecting the merits of the action. Any attempt to decide what issues were foreclosed by the trial court's action would be purely speculative, but the judgment must be affirmed.

PREWITT, J., and FLANIGAN, Alternate Judge, concur.

MAUS, P.J., disqualified.