**MID–STATES TUBULARS, INC.,**
Plaintiff-Appellant,

v.

**MAVERICK TUBE CORPORATION,**
Defendant-Respondent.

No. 51691.

Missouri Court of Appeals,
Eastern District,
Division One.

July 14, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 13, 1987.

Application to Transfer
Denied Sept. 15, 1987.

Robert J. Lenze, St. Louis, for plaintiff-appellant.

Martin P. Zucker, St. Louis, for defendant-respondent.

KELLY, Judge.

Mid-States Tubulars, Inc., a Missouri corporation, appeals from the judgment of the trial court granting respondent Maverick Tube Corporation's petition for review and motion to set aside a $61,000.00 default judgment entered in favor of Mid-States against Maverick in an action for breach of contract. We reverse and remand.

Mid-States and Maverick engaged in a series of business dealings in early 1985. Maverick supplied steel pipe and casing to Mid-States. A disagreement prompted Mid-States to sue Maverick for breach of contract in January 1986. The summons, issued by the court and directed to Maverick's registered agent C.T. Corporation System in the City of St. Louis, was personally served on C.T. Corporation System on February 6, 1986.

After obtaining an interlocutory judgment by default, Mid-States procured a final default against Maverick on April 3, 1986, after testimony and evidence at a hearing that same day. On May 9, 1986, Maverick filed its "Motion to Set Aside Judgment and Petition for Review", accompanied by an affidavit and memorandum in support of its motion.

Maverick's motion to set aside the judgment or, alternatively, petition for review specifically invoked Rules 74.12 and 74.32 as procedural authority to vacate the default judgment entered. Rule 74.12 provides for the filing of a petition for review to set aside final judgment upon good cause shown entered against a defendant who neither has been summoned personally nor has appeared. Rule 74.32 provides for the filing of a motion to set aside a judgment for irregularity.

In its motion, Maverick stated that it never received actual notice of the lawsuit and never received a summons and petition. Maverick acknowledged that on February 6, 1986, the summons and petition were served on C.T. Corporation System which at that time was listed as the registered agent for Maverick. C.T. Corporation System had instructions, upon its receipt of service of process and petition directed to Maverick, to forward both the summons and petition for delivery to Nucorp Energy, Inc., located in San Diego, California.

Nucorp Energy, Inc. had been the parent company of Maverick; however, during 1985 bankruptcy proceedings involving both companies, the two had emerged on December 6, 1985, from the bankruptcy as separate and independent corporate entities with no relation to each other. On February 14, 1986, Nucorp Energy, Inc. received the summons and petition originally directed to Maverick. Maverick did not actually learn of the lawsuit filed against it by Mid-States until May 1986. Apparently, although not alleged in Maverick's motion,

Nucorp Energy, Inc. failed to ever notify Maverick about the lawsuit.

Maverick discovered the lawsuit only after it had subsequently initiated its own action against Mid-States in February 1986. Its first attempt at service on Mid-States was returned "non est" because the registered agent for Mid-States no longer had an office at the address listed with the Missouri Secretary of State's office. An alias summons was issued, directed to "Dan Gaines or any other officer or managing agent at the office of Mid-States Tubulars, Inc.", and was executed on April 7, 1986.

In response to Maverick's lawsuit against it, Mid-States filed a motion to dismiss based upon Mid-States having already obtained the default judgment against Maverick. Maverick has claimed that, prior to Mid-States' motion to dismiss, "counsel for Maverick Tube had no notice or knowledge of the existence of the prior pending lawsuit by Mid-States."

Maverick's motion to set aside the default judgment further stated that if Mid-States had correctly listed its own registered agent, Maverick would have successfully served Mid-States before Mid-States obtained its interlocutory default on March 11, 1986, against Maverick. Maverick concluded that it, in turn, would have received Mid-States' motion to dismiss Maverick's lawsuit within the thirty-day period after entry of the default enabling Maverick to request that the trial court merely set aside the default judgment entered against it, before the judgment became final.

Gregg Eisenberg, the vice-president of sales for Maverick, attested that Maverick did not learn of Mid-States' lawsuit against it until May 7, 1986, when he received a call from Maverick's attorney informing it of the lawsuit. His affidavit further swore that "[n]o person or employee associated with Maverick Tube Corporation ever received a summons or petition in that action." He added that, effective April 1986, Maverick had changed its registered agent for service of process.

Ten days later, both parties appeared and orally argued Maverick's motion to set aside the default judgment. The trial court took the motion as argued under submission. The trial court rendered its decision May 27, 1986. The trial court's entry of its judgment, apparently handdrafted by counsel for Maverick, provided in part:

> "Defendant's motion to set aside default judgment denied.
> Defendant's petition for review granted. Final judgment of 4–3–86 is hereby set aside for good cause shown."

We infer from the trial court's action in granting the petition for review to set aside the final judgment while denying the motion to set aside the default judgment that it believed Rule 74.12 was controlling.

Mid-States asserts that the trial court erred in granting Maverick's petition for review under Rule 74.12 because petitions for review are proper only in cases in which a defendant is not personally summoned and here, Maverick was personally summoned. Mid-States also argues that the trial court lost jurisdiction to set aside the final judgment since more than thirty days had elapsed. Finally, Mid-States claims setting aside the default judgment violates cogent public policy that litigation must end.

■ Before addressing the points relied on by Mid-States, we must face a threshold issue raised by Maverick of our jurisdiction. While accepting that an order denying a default judgment is appealable, Maverick questions whether an order *setting aside* a default judgment is also appealable. Where a defendant's motion to vacate the default judgment is overruled within the thirty day period following its rendition, the order overruling his motion is an appealable order. *O'Mara v. Gingrich,* 424 S.W.2d 92, 94[2] (Mo.App.1968). Pursuant to Rule 75.01, the judgment becomes final after thirty days and subject to attack by timely appeal. However, an order setting aside a default judgment within thirty days after rendition does not amount to a final judgment subject to appeal. *O'Mara,* 424 S.W.2d at 93. In *O'Mara,* we precisely observed the following:

After the default judgment has been set aside the posture of the case is simply this: No determination of the merits of the case has been made, no rights or duties of either party have been decided and after appropriate responsive pleading has been filed the case will be ready for trial. As was pointed out by this court in *Diekmann v. Associates Discount Corp.*, 410 S.W.2d 695, 697, there is no element of finality where the trial court sets aside the default judgment within thirty days after the judgment—or in pre-code days did so during the term in which default judgment was rendered. *The net result has been a long line of cases holding that, that finality lacking, an order vacating a default judgment is not appealable. Crossland v. Admire*, 118 Mo. 87, 24 S.W. 154; *Holder v. Chidister*, Mo., 193 S.W. 568; *Carter v. Levy*, Mo.App., 217 S.W. 549; *Owens v. Owens*, Mo.App., 280 S.W.2d 867; *Kallash v. Kuelker*, Mo.App., 347 S.W.2d 467; *Harper v. Harper*, Mo.App., 379 S.W.2d 889; *Steffan v. Steffan*, Mo. App. 390 S.W.2d 587. As was so graphically put in Diekmann v. Associates Discount Corp., supra, 'During this incubation period a default judgment is within the breast of the court; and because it has not become final, setting it aside is a discretionary act from which no appeal lies.' Long ago, the Supreme Court said, with respect to an order vacating a default judgment, 'The motion then was to set aside the judgment, and not for a new trial, and the court was not required to give a reason for its action.' *Crossland v. Admire*, supra, at 24 S.W. 154, 155. (Emphasis ours).
424 S.W.2d at 93[1].

█ If the trial court sets aside a default judgment more than thirty days after its rendition, the default judgment has become final and the court's order setting aside the default is immediately appealable. *O'Mara*, 424 S.W.2d at 94[3]. In this situation, the plaintiff has had a final judgment taken from him and he is obviously an aggrieved party. *Id.* The appealability of a trial court's order granting a defendant's motion to set aside a final, default judg-

ment remains constant regardless of the method utilized by the defendant to set aside the final default judgment. *See e.g. Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 889[3] (Mo. banc 1987) (motion to set aside "on equitable grounds", *i.e.* treated as a separate suit in equity); *ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30 n. 1[1] (Mo. banc 1983) (motion to set aside for irregularity under Rule 74.32); *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 135[1] (banc 1952) (writ of error coram nobis); *Jacobsmeyer v. National Emergency Disaster Corp.*, 676 S.W.2d 843, 844 (Mo.App.1984) (writ of error coram nobis); *Godsy v. Godsy*, 565 S.W.2d 726, 731 (Mo.App.1978) (motion to set aside for fraud and separate petition in equity); *Diekmann v. Associates Discount Corp.*, 410 S.W.2d 695, 698–99[3] (Mo.App.1966) (motion to set aside for irregularity under Rule 74.32) (erroneously decided under Rule 74.32; where defendant never personally served with amended petition, motion was actually petition for review under Rule 74.12).

Thus, while Maverick observes that certain Missouri cases have held normally an order setting aside a default judgment is not immediately appealable, *see e.g. Bussiere's Administrator v. Sayman*, 257 Mo. 303, 165 S.W. 796, 800[3] (banc 1914), followed in *Stanton v. Hanna*, 199 S.W. 145, 146 (Mo.1917), no other Missouri Supreme Court case has applied *Bussiere* or *Stanton* to an order setting aside a *final* default judgment. We believe the proviso "where finality is lacking" must be appended to Maverick's observation to correctly summarize the law in this area. Maverick also cites *Jackson v. Wheeler*, 567 S.W.2d 363, 368[3] (Mo.App.1978) and *Farrell v. DeClue*, 365 S.W.2d 68, 74[6, 7] (Mo.App. 1963), because they rely upon *Bussiere* or *Stanton* for the proposition that no appeal lies from a final order setting aside a default judgment. We believe the proper distinction under the facts and circumstances here is that an order setting aside a default judgment is appealable after the thirty day period during which the trial court retains control. Having determined we have juris-

diction of the appeal, we proceed to its merits.

■ Mid-States' first point asserts the trial court erred in granting Maverick's petition for review under Rule 74.12. Rule 74.12 provides that, after an interlocutory judgment of default has been made under Rule 74.045, a final judgment entered thereon against any defendant who has neither been summoned personally nor has appeared to the suit may be set aside if the defendant files a petition for review under Rule 74.15 showing good cause for setting aside the default judgment.

The rule "requires an allegation that defendant was not personally served." *Young v. Smith,* 648 S.W.2d 916, 918[4] (Mo.App.1983). This remedy is strictly limited to situations where a defendant is served by publication or not at all. For example, we expressly stated in *Estate of Kennedy v. Menard,* 690 S.W.2d 465, 468[2] (Mo.App.1985) that Rule 74.12 does not apply where a defendant is personally served.

■ Nothing in Maverick's petition for review disputes that its registered agent was personally and validly served. The summons and petition were sent by Maverick's agent, as directed, to the general counsel of Maverick's former parent company in California. Maverick's reliance that the general counsel, in turn, would forward the lawsuit to Maverick's office in St. Louis was obviously misplaced. Maverick's St. Louis counsel never received Mid-States' petition. However, Rule 74.12 is not the procedural mechanism for Maverick to correct the error engendered by the oversight of its former parent company. Because Maverick was personally served with process, the remedy of petition for review under Rule 74.12 was not available to Maverick, no matter how meritorious a defense existed. *Accord, Young v. Smith,* 648 S.W.2d at 919. Thus, the trial court erroneously granted Maverick's petition for review in deciding to vacate the default judgment.

■ Maverick surmises that if Mid-States had maintained a properly reg-istered agent for service of process, Maverick would have discovered Mid-States' lawsuit in time either to avoid the entry of the default judgment or to set it aside. Since Maverick filed its lawsuit against Mid-States on February 26, 1986, Maverick theorizes that it would have successfully served Mid-States by the first week of March 1986 if Mid-States had, in accordance with state law, properly listed its registered agent for service of process. Consequently, any answer or motion to dismiss by Mid-States raising the existence of the default judgment would be due within thirty days, sometime within the first week of April 1986. Maverick conjectures that Mid-States' responsive pleading would have alerted Maverick of the April 3, 1986, default judgment against it, so that Maverick could have it set aside within the thirty day period that the trial court retained jurisdiction of the action under Rule 75.01. From the foregoing, Maverick concludes that Mid-States' failure to provide a registered agent operated as a constructive fraud.

Although its motion below was denominated a motion to set aside or, alternatively, a petition for review, Maverick argues such motions may be treated as equitable in nature. Viewed in this light, Maverick states the trial court did not abuse its discretion in setting aside the default judgment because of the fraud purportedly perpetrated by Mid-States in failing to correctly list its agent for service of process.

We agree with Maverick that our courts have "learned to look at the substance of the allegations contained in the defendant's motion to vacate and to ignore the defendant's labeling of the motion." *Sprung,* 727 S.W.2d at 888[3] (*quoting* Laughrey, "Default Judgments in Missouri", 50 Mo.L. Rev. 841, 870 (1985)). In *Sprung,* our Missouri Supreme Court further said as follows:

Equity will relieve a defendant of a default judgment for *extrinsic fraud* 'and where a defendant is denied the occasion to present a meritorious defense by reason of accident, mistake, inadvertence, mischance or *unavoidable circumstances* unmixed with neglect or inatten-

tion....' *Hamm v. Hamm,* 437 S.W.2d 449, 453 (Mo.App.1969) (emphasis in original). We see no reason to make a distinction between a motion alleging fraud and a motion alleging other grounds sufficient for equitable relief in determining whether a court has jurisdiction to grant relief.

727 S.W.2d at 888–89.

Notwithstanding *Sprung,* we do not believe the trial court could properly set aside the default judgment on equitable grounds by treating the motion, in effect, as an independent suit in equity. The critical proviso noted in *Sprung* is that the motion sufficiently plead grounds for equitable relief. *Id.* Equity requires that the defendant show a meritorious defense, good reason or excuse for the default and that no injustice will accrue to the plaintiff as a result of the delay occasioned by setting aside the judgment. *Id.* [4]; *Whitledge v. Anderson Air Activities, Inc.,* 276 S.W.2d 114, 116 (Mo.1955); *Murray v. Sanders,* 667 S.W.2d 426, 428 (Mo.App.1984).

We believe the motion insufficiently alleges good reason or excuse for the default by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances *unmixed with neglect or* inattention, and that Maverick's allegation that it failed to receive a copy of the petition through no fault of its own is purely conclusory. When its own agent, designated for service of process, received the summons and lawsuit and forwarded them as directed to Nucorp Energy, Inc., Maverick's former parent company, we cannot agree that Maverick was not at fault. The circumstances here differ from those in *Cherry v. Wertheim,* 25 S.W.2d 118 (Mo. App.1930), where we held a default judgment was properly set aside when defendant, through no fault of his own, had no actual knowledge of the suit. *Id.* at 121.

■ We are well aware that an appellate court is less inclined to interfere with the action of the trial court when a default judgment is set aside than when it is not, *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114, 116[4] (Mo.1955), because justice favors a trial on the merits. *Id.* While

these rulings are sound, they cannot, and should not, be unflinchingly invoked to answer a defendant's cry of distress in "equity" for protection against a default judgment. After suffering the entry of a default judgment engendered by its own negligence, Maverick cannot claim the indulgence which equity affords, but only for the benefit of the diligent. Default judgments, where validly obtained, are entitled to the same deference accorded any other final judgments, despite our avowed predilection for a trial on the merits. Permitting default judgments to be easily set aside under an equitable banner sets a standard encouraging laxity and irresponsibility in defending lawsuits.

Cogent public policy that litigation must end demands that certain limitations be imposed on equitable relief. *See Barker v. Friendly American, Inc.,* 606 S.W.2d 457, 459–60[6] (Mo.App.1980). Thus, we do not excuse Maverick's failure to exercise reasonable care in assuring itself that it would be duly apprised of litigation commenced against it. While negligence will not be imputed to a defendant who reasonably relied on a third party to arrange the defense of a case, *see e.g., Whitledge v. Anderson Air Activities, Inc.,* 276 S.W.2d at 116–17, no allegation avers that Nucorp Energy, Inc. was to arrange Maverick's defense. C.T. Corporation System was not negligent in forwarding the petition as Maverick had directed. Even if we could conclude that somehow C.T. Corporation System was negligent in forwarding the petition to Nucorp Energy, Inc., its negligence as Maverick's agent is imputable to Maverick. *Accord, Barker v. Friendly American, Inc.,* 606 S.W.2d at 460; *Distefano v. Kansas City S. Ry.,* 501 S.W.2d 551, 552–53[2, 3] (Mo.App.1973).

We have carefully reviewed Maverick's motion and considered its argument concerning Maverick's inability to serve its own petition on Mid-States. Its arguments of "ifs" and "but for", replete with supposition, do not rise to the level of extrinsic fraud of any kind in the procurement of the default judgment to warrant the judgment be set aside. *Cf. e.g. Robinson v. Clem-*

**148**

*ents,* 409 S.W.2d 215, 221 (Mo.App.1966) (default taken after plaintiff's attorney suggested to court defendants were not represented when he knew otherwise); *J.R. Watkins Co. v. Hubbard,* 343 S.W.2d 189, 192 (Mo.App.1961) (default taken after plaintiff's attorney had promised defendant to dismiss the action).

Accordingly, we conclude that the trial court erred in setting aside the default judgment against Maverick. Our resolution of this issue is dispositive of the appeal. We need not address the other two points urged by Mid-States in its appeal.

The judgment setting aside the default judgment is reversed and the cause remanded with directions that the trial court reinstate the default judgment Mid-States obtained against Maverick.

SNYDER, C.J., and CRIST, J., concur.