Susan BARKER, Respondent,

v.

FRIENDLY AMERICAN, INC., d/b/a
Friendly AMC/Jeep, Inc., Appellant.

No. WD 30852.

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

H. George Lafferty, Jr., Kansas City, for appellant.

Joe L. Anderson, Independence, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The defendant Friendly American, Inc. appeals from an order to overrule its motion to set aside a judgment by default taken by the plaintiff Susan Barker against the defendant.

The plaintiff Barker brought her petition in two counts against Friendly American. Count I alleged that the defendant car dealer fraudulently induced plaintiff to purchase a defective Pacer automobile on representations that the car was a demonstrator model covered by a new car warranty but that, as the defendant knew, the Pacer was not a demonstrator but used and flawed. Count II alleged that the defendant failed to provide the plaintiff with a written mileage statement in violation of then § 407.535, Laws 1973. The petition and summons were served on August 1, 1978, upon James A. Pankey as registered agent of the defendant corporation.

The petition went without answer and on September 15, 1978, judgment was entered against the defendant by default. At that proceeding, the plaintiff testified to representations by the defendant that the vehicle had been titled only to the dealer and no one else, but the plaintiff produced a title to show that the car had been owned by Hertz Rent–A–Car and sold to the defendant dealer from California. The plaintiff gave other testimony that when she purchased the car, the odometer read 13,200 miles. To prove her belief that the instrument had been altered, she put into evidence a Hertz trip ticket which indicated that when the car left California, the odometer read 12,965 miles and upon arrival, 13,033. The plaintiff testified to a $150 repair cost to correct mechanical trouble and that the value of the automobile at the time of purchase was $600 less than the price paid. The court entered judgment on Count I for $750 compensatory and $3,000 punitive damages and on Count II, $1,500 statutory damages and $750 attorney fee.

The formal entry of judgment by default was on September 21, 1978. The motion to set aside the judgment was brought by the defendant on November 29, 1978, some 70 days after entry and some 40 days after finality of judgment. The plaintiff contends that the motion was untimely as an after–trial proceeding for lapse of trial court jurisdiction over the judgment [Rules 73.01(3) and 75.01]. It is clear, however, that the initiative by the defendant was not meant as a post–trial motion, but as a direct attack on the judgment independent of the original proceeding, and so unaffected by constraints of trial court jurisdiction. *J. R. Watkins Company v. Hubbard*, 343 S.W.2d 189, 191 (Mo.App.1961). What the pleading actually intends as a

cause of action, nevertheless, remains in doubt.

Our procedures provide multiple methods to undo a final judgment by default: a suit in equity, a petition for review under Rule 74.15, an order *nunc pro tunc*, by writ of error coram nobis, a suit in equity for extrinsic fraud, accident or mistake, and a motion to set aside a judgment for irregularity under Rule 74.32. *Diekmann v. Associates Discount Corporation*, 410 S.W.2d 695, 700[7, 8] (Mo.App.1966). The averments of pleading allege no irregularity on the face of the record [requisite to a Rule 74.32 motion], no fraud or other effect for equity to relieve, nor *nunc pro tunc*, nor writ of error coram nobis. The allegations, rather, resemble a petition for review of a default judgment under Rule 74.15 which requires recitation that the judgment was obtained on a statement of pleading untrue in a material matter or that the pleader has a meritorious defense. In specific terms, the post–judgment motion [petition] alleges as to Count I: that the allegation of petition that the Pacer was misrepresented to be a demonstrator vehicle subject to new car warranty was an averment untrue and against which the dealer has a meritorious defense–and as to Count II: that the allegation that the seller did not give the buyer a written odometer statement was untrue and against which the dealer has a meritorious defense. The pleading fails as a Rule 74.15 petition for review, however, because that remedy avails only against a judgment by default taken on constructive service. Rule 74.12; *Jackson v. Wheeler*, 567 S.W.2d 363, 368[4] (Mo.App.1978). The defendant corporation acknowledges that service of process was completed upon the person of Pankey, then office manager and registered agent for that purpose. The defendant corporation pleads only that at the time of service registered agent Pankey was ill and on that account neglected to refer the suit papers and notice of service to the usual corporate personnel. That averment of pleading goes only to show that the failure to make answer to the petition was an excusable neglect, and not want of legal service upon

the person–an element irrelevant to a petition for review of a default judgment taken by *constructive* service under Rule 74.15. *Jackson v. Wheeler*, supra, l. c. 368[4].

At the trial, the defendant adduced evidence, not only of excusable neglect for the default, but also to contradict the testimony of the plaintiff that the car was represented as a demonstrator and that the transfer of title was not accompanied by a written statement of odometer mileage.

In this court, the defendant argues that the default judgment must be set aside–not on the efficacy of the pleading for that purpose as a petition for review under Rule 74.15, but as a petition in equity to relieve against fraud in the concoction of the judgment. If we assume that the evidence on the after–judgment motion [petition] worked an amendment by consent to conform with the proof under Rule 55.33(b), the statement would not entitle the pleader to relief from the effect of fraud. The contention of a judgment induced by fraud rests on evidence by the plaintiff on the original petition that the defendant corporation president on an earlier occasion committed the same misrepresentation to another customer [reported in *Beshears v. SHS Motor Sales Corporation*, 433 S.W.2d 66 (Mo.App.1968)]–testimony the defendant describes as "overreached and hearsay"–and on evidence of "material variance" between the original petition and the proof.

That contention fails by the very assertion because the judgment against which equity relieves is a judgment *procured* by fraud and not one *proved* by fraud–or, in the usual expression, a fraud extrinsic and not intrinsic to the judgment. *Daffin v. Daffin*, 567 S.W.2d 672, 677[5–7] (Mo.App.1978). The discrepancy in the evidence of the plaintiff in the original proceeding and the evidence of the defendant on the post–judgment petition, even if equivalent to perjury, does not suffice for equity to vacate the judgment. That fraud goes to the very issue in adjudication for which the remedy is appeal at law and not annulment at equity. A court of equity

treats the judgment at law as a termination of the suit on the cogent public policy that litigation must end. On that principle, even perjury–unless accompanied by conduct of a suitor which prevented the appearance or meritorious defense of the other suitor– even perjury does not suffice to allow the litigant another opportunity to try the merits of the case. *Winchell v. Gaskill*, 354 Mo. 593, 190 S.W.2d 266, 271[3, 4] (1945); *Cantwell v. Johnson*, 236 Mo. 575, 139 S.W. 365, 373[6] (1911). The evidence shows no such misdirection. The failure of the defendant corporation to make answer to the original petition was not the result of any promise, or failure of notice, which misled the defendant to a nonappearance. That was the result of a dereliction of the registered agent to the other corporate personnel. The plaintiff was blameless and her judgment may not be disturbed by equity. *J. R. Watkins Company v. Hubbard*, supra, l. c. 192[2].

The other contention–that the default judgment was taken on evidence beyond the scope of the petition served on the defendant corporation–raises a ground to vacate judgment under Rule 74.32 [if at all] as an irregularity patent on the face of the record. *Diekmann v. Associates Discount Corporation*, supra, l. c. 700[9–11]. That contention, even by generous intendment, was not the theory of the motion to vacate the default judgment. Nor does the evidence support such a theory. The documentary proof at the original hearing that the automobile was owned in California by Hertz before transfer to defendant and eventual sale to plaintiff suffices to contradict that contention.

The defendant failed to plead or prove any relief to vacate the judgment entered on default of the corporation to make answer or appearance. The motion of the plaintiff for Damages For Frivolous Appeal under Rule 84.19 is denied. The judgment of the court to deny relief is affirmed.

All concur.