524 F.Supp. 484 (1981)
Virginia Davis TUFTS, Plaintiff,
v.
MADESCO INVESTMENT CORPORATION, et al., Defendants.
No. 81-360C(3).
United States District Court, E. D. Missouri, E. D.
September 30, 1981.
*485 Richard E. Schwartz, Cortina & Schwartz, St. Louis, Mo., for plaintiff.
Joseph M. Kortenhof, Kortenhof & Ely, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on the motions of defendants Madesco and Home Insurance to dismiss the first amended complaint for failure to state a claim upon which relief can be granted.[1]
This suit arises out of a previous action filed by plaintiff against defendant Madesco in the Circuit Court of the City of St. Louis. That suit sought recovery on the basis of defendant Madesco's alleged failure to take steps to protect guests at the hotel it operates. Plaintiff had been raped in that hotel. During discovery in that case defendant Madesco allegedly made a false statement in response to a question propounded in plaintiff's interrogatories as to whether other such attacks had occurred in the past at defendant Madesco's hotel.
Plaintiff's complaint in this Court seeks recovery on the basis of the alleged perjury in the state court action on four counts: Count one sets forth a claim based on intentional misrepresentation; Count two seeks recovery for the tort of intentional infliction of emotional distress; Count three sets out a cause of action under the doctrine of prima facie tort; Count four sets out a claim, against defendant Home Insurance only, of bad faith dealing with respect to plaintiff's original action in state court. Plaintiff avers that as a result of the alleged conduct of defendants she suffered an aggravation of already existing psychological trauma and she seeks actual and punitive damages.
Defendants argue in general that plaintiff's complaint fails to state a cause of action for which relief can be granted, citing the well-established rule that no civil action for damages lies for perjury. Droppleman v. Horsley, 372 F.2d 249, 251 (10th Cir. 1967); Liddell v. Smith, 345 F.2d 491, 494 (7th Cir. 1965). While this is the generally accepted rule, a minority of courts have allowed recovery in a tort action for fraud based on defendants' perjury in prior judicial proceedings. Morgan v. Graham, 228 F.2d 625 (10th Cir. 1956); Frist v. Gallant, 240 F.Supp. 827 (W.D.S.C.1965). Because jurisdiction of this matter is based on the diverse citizenship of the parties, this Court is required to measure the validity of plaintiff's complaint against the substantive law of Missouri. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, because the Missouri courts have not ruled on the particular issue in this case, this Court must attempt to predict how a Missouri court would rule were this case before it. Winston Corp. v. Continental Casualty Co., 508 F.2d 1298 (6th Cir.), cert. denied, 423 U.S. 914, 96 S.Ct. 218, 46 L.Ed.2d 142 (1975).
This Court is hesitant to predict that the courts of Missouri would adopt a minority position in the face of a well established rule to the contrary. Further, the rule denying civil damage suits for false testimony and perjury is rooted in sound policy considerations. First, the existence of criminal statutes prohibiting perjury should prove a substantial deterrent. Second, public policy favors any rule of law that supports the finality of judgments. Last, the adversarial system provides ready means by which an aggrieved party may challenge the perjured testimony of a party or witness at the trial. As another consideration, this Court takes note of the fact that the Missouri courts recognize and adhere to the principles regarding finality of judgment. This is illustrated by the repeated practice of the *486 state courts of denying motions and actions to set aside judgments when the moving party has alleged that a party to the completed case committed perjury. Barker v. Friendly American, Inc., 606 S.W.2d 457 (Mo.App.1980); Daffin v. Daffin, 567 S.W.2d 672 (Mo.App.1978).
Thus, counts one, two, and three of plaintiff's first amended complaint must be dismissed since they all make out a claim based on defendants' alleged perjury in the prior suit. That plaintiff assigns various terms to these different counts, such as fraud, intentional infliction of emotional distress, and prima facie tort, does not disguise the fact that they are all attempts to seek recovery in damages for false testimony, contrary to the general rule which this Court believes the Missouri courts would follow.
Furthermore, there are additional reasons why several of the counts in plaintiff's complaint must be dismissed. As to the count for emotional distress, Missouri law is specific that misrepresentation or deceit does not meet the requirement of extreme and outrageous conduct. Pretsky v. Southwestern Bell Telephone Co., 396 S.W.2d 566 (Mo.1965). Plaintiff's third count, in which she seeks recovery based on the doctrine of prima facie tort, is also defective, aside from the fact that it sets out a claim based on perjured statements. The doctrine of prima facie tort, which first appeared in the Restatement, has been adopted by the courts of Missouri, Porter v. Crawford, 611 S.W.2d 265 (Mo.App.1980). However, as is clearly set out in the Restatement, the doctrine is applicable only when the factual basis of the complaint does not fall within the parameters of an established tort. Restatement (Second) of Torts, § 871, Comments a & d (1979). Thus, application of the doctrine is not justified here as plaintiff has factually alleged fraud or misrepresentation, which is a tort presently recognized by Missouri courts.
Defendant Home Insurance challenges plaintiff's fourth count in which plaintiff alleges bad faith dealing on behalf of Home Insurance. Plaintiff's claim is that defendant Home Insurance's conduct surrounding the prior litigation in state court constituted violations of § 10(f) of the Missouri Unfair Claims Settlement Act, Mo.Rev.Stat. § 375.936(10)(f), and § 5(a) of the Unfair Insurance Practices Act, Mo.Rev.Stat. § 375.936(5)(a).
Section 5(a) defines as an unfair practice "[k]nowingly filing ... or making ... any false material statement of fact as to the financial condition or dealings of a person." Section 10(f) defines as an unfair claims settlement practice "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of claims in which the company's liability under the policy has become reasonably clear; provided the provisions of this paragraph shall apply only to policy contractual obligations of an insurer to its insured...."
Both plaintiff and defendant Home Insurance devote much discussion in their memoranda of law to the issue of whether defendant Home Insurance violated the two sections set out above. However, a preliminary issue which must first be resolved is whether the Missouri statute provides plaintiffs with a private remedy. In support of her position that a private remedy does exist, plaintiff cites a California case, Royal Globe Ins. Co. v. Superior Court, 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329 (1979), in which a similar statute was held to provide a private remedy.
Although the Missouri courts have not yet construed the Missouri statute, this Court chooses not to follow the California Supreme Court's holding. One of the main reasons underlying the court's holding in Royal Globe was the existence of a section in the California statute stating that a cease and desist order issued by the state insurance commissioner would not absolve an insurer from "civil liability ... under the laws of this State arising out of the methods, acts or practices found unfair or deceptive." Cal.Ins.Code § 790.09 (West 1979 Supp.). The Missouri Act contains a similar, yet critically different, provision in § 375.942(5). That section reads as follows:
No order of the director under sections 375.930 to 375.948 or order of a court to enforce the same shall in any way relieve *487 or absolve any person affected by such order from any liability under any other laws of this state. (emphasis supplied).
The reasonable implication of the phrase "any other laws of this state" is that civil liability will not arise from a violation of the Unfair Claims Settlement Act or the Unfair Insurance Practices Act. In fact, an Illinois court has so construed an identical provision in the Illinois Insurance Code. Scroggins v. Allstate Ins. Co., 74 Ill.App.3d 1027, 30 Ill.Dec. 682, 393 N.E.2d 718 (1979). Thus, the Missouri statute in question does not provide plaintiff with a private right of action. Moreover, the Missouri courts have indicated that no such right of action exists at common law. Young v. U.S. Fidelity & Guaranty Co., 588 S.W.2d 46, 48 (Mo.App. 1979). For these reasons count four of plaintiff's first amended complaint fails to state a claim for which relief can be granted under Missouri law.
In accordance with the foregoing,
IT IS HEREBY ORDERED that the motions of defendants Madesco Investment Corporation and the Home Insurance Company to dismiss all four counts of plaintiff's amended complaint be and are GRANTED.
IT IS FURTHER ORDERED that plaintiff's first amended complaint be and is DISMISSED with prejudice as to both defendants at plaintiff's costs.
NOTES
[1] In connection with defendants' motions to dismiss, both defendants and plaintiff have filed memoranda of law with the Court. In addition both sides have filed various exhibits and affidavits that are not dispositive on the question of whether plaintiff's complaint states a valid cause of action under the applicable law. Thus, the Court, in its discretion, has chosen to exclude these extraneous materials in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Advisory Committee's Notes to the 1946 amendment to Rule 12(b)(6).