**CITIZENS BANK & TRUST OF ROCK PORT, Missouri, Plaintiff-Respondent,**

v.

**Elmer MITCHELL, Defendant-Appellant.**

**No. WD 33314.**

Missouri Court of Appeals, Western District.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1983.

Application to Transfer Denied June 30, 1983.

Frank H. Strong, Jr., Roger M. Prokes, Strong, Strong & Prokes, Maryville, for defendant-appellant.

Henry C. Copeland, Peter M. Somerville, Copeland & Somerville, Rock Port, for plaintiff-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Defendant Elmer Mitchell appeals from the trial court's order sustaining the motion for summary judgment of Citizens Bank and Trust of Rock Port (hereinafter Citizens Bank) in this civil action for judgment on a promissory note co-signed by Mr. Mitchell. He raises a number of points relative to the appropriateness of summary judgment, but because we find dispositive a preliminary issue as to the jurisdiction of the trial court to set aside an earlier default judgment more than thirty days after judgment, we do not reach defendant's points. We set aside the summary judgment and the order of February 6, 1981, thus leaving intact the default judgment of September 10, 1980.

On August 9, 1976, Mr. Mitchell co-signed a promissory note for $14,000 advanced by Citizens Bank to Stephen Brownlee, Mr. Mitchell's nephew. Mr. Mitchell was later incorrectly informed by his nephew that he "took care of the note." On June 14, 1980, defendant was served with papers notifying him of a suit filed by Citizens Bank against both him and Stephen Brownlee for nonpayment. Mr. Brownlee was never served.

Although defendant contacted an attorney, a default judgment was entered against him on September 10, 1980, a fact of which he remained unaware until he received "the petition they was going to sell my stuff," apparently referring either to a November 8, 1980, Notice of Levy on Real Estate or a notice mailed by the sheriff on January 19, 1981, announcing that a sale of thirty-eight acres owned by Mr. Mitchell would occur on February 13. (Mr. Mitchell's testimony at a hearing held February 6 was not clear on this point.)

On January 23, 1981, a notice of sheriff's sale appeared in a Holt County newspaper announcing the upcoming sale of Mr. Mitchell's property on February 13. The sale never occurred, however, because on February 2, 1981, defendant's second attorney moved to quash the execution and sale. Following a hearing on February 6, the court granted the motion and set aside the September 10 default judgment. Defendant was given twenty days to file an answer, which he did, raising numerous defenses.

On April 7, 1981, defendant filed a counterclaim against Citizens Bank for $50,000 in damages arising from the wrongful publication of the notice of sheriff's sale.

On June 15, 1981, Citizens Bank filed a motion for summary judgment and on November 6, 1981, the court both sustained that motion and reinstated the September 10, 1980, default judgment. Defendant's counterclaim was ruled against him.

Although defendant strenuously argues that material issues of fact raised in the pleadings make summary judgment inappropriate, his point can be reached only if the trial court had jurisdiction on February 6, 1981, to set aside the September 10, 1980, default judgment and to allow him to answer the bank's petition, a question of jurisdiction which we are obliged to reach, even if not raised by the parties. *Frederick v. Frederick,* 617 S.W.2d 629, 631 (Mo.App.

1981). We are convinced that the court exceeded its jurisdiction.

■ The basic rule is, of course, that a trial court retains control over a judgment for thirty days during which it may vacate, reopen, correct, amend or modify its judgment. Rule 75.01.

More specifically as to default judgments, Rule 74.045 provides that the court shall give default judgment against a defendant who fails to file and serve a timely answer or other pleading. Rule 74.05, nevertheless, permits the court to set a default judgment aside "before the damages are assessed or final judgment rendered." Here, in accordance with Rule 74.09, the court assessed damages on September 30 and the judgment became final thirty days from that date, long before the default judgment was set aside on February 6. Our courts have consistently held that the rule that the power of the trial court to interfere with its own judgment ceases thirty days after judgment (absent a timely post-judgment motion) applies to judgments by default. *Korn v. Ray,* 434 S.W.2d 798, 802 (Mo.App. 1968).

■ This court has recognized, however, that, despite constraints on trial court jurisdiction (including the thirty-day rule), direct attacks may be waged against default judgments independent of the original proceeding (even if in the form of a motion). A default judgment may be set aside in a suit in equity; pursuant to a petition for review under Rule 74.15; by an order *nunc pro tunc;* upon a motion in the nature of a writ of error *coram nobis;* in a suit in equity for extrinsic fraud, accident or mistake; or upon a motion to set aside a judgment for irregularity under Rule 74.32. *Barker v. Friendly American, Inc.,* 606 S.W.2d 457, 459 (Mo.App.1980); *Diekmann v. Associates Discount Corp.,* 410 S.W.2d 695, 700 (Mo.App.1966). Thus, in *Barker* this court found that a motion to set aside a default judgment filed seventy days after entry and forty days after finality of judg-

ment was not necessarily untimely, but went on to hold that the pleadings in that case did not fall within any of the listed methods, and therefore, defendant was not entitled to relief from the judgment. The same is true here. Just as in *Barker,* the motion here alleges nothing consistent with any of these methods, but most closely resembles a petition under Rule 74.15 which provides that the petitioner may set out any good defense he has to the judgment. Defendant has done so. Unfortunately, the Rule 74.15 remedy is available only against a judgment by default taken on constructive service, Rule 74.12; *see also Barker,* 606 S.W.2d at 459. Defendant here was served personally by the Holt County sheriff and, therefore, the Rule 74.15 remedy is unavailable to him.

■ We must conclude that defendant's attack on the default judgment failed to state grounds on which he was entitled to relief after the thirty-day period had passed, and, therefore, in granting his motion, the trial court acted outside its jurisdiction.

Defendant argues nevertheless that the rules we have discussed are inapplicable because the September 10 default judgment against him alone was interlocutory in that the order did not mention nor dispose of the suit against co-defendant Stephen Brownlee. He relies on Rule 74.08 which provides as follows:

> When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; but only one final judgment shall be given in the action.

Because default judgment was entered only against him, defendant argues that the judgment could not become final until the cause against Mr. Brownlee came to its conclusion.[1] In support of this contention, Mr. Mitchell cites *State ex rel. Eichorn v. Luten,* 561 S.W.2d 435 (Mo.App.1978), in

---

1. Citizens Bank later moved to dismiss the cause of action against Stephen Brownlee on April 17, 1981. No ruling on that motion appears in the record.

which a default judgment was entered against those defendants who had not filed pleadings, while the case continued against another defendant. The court held that under Rule 74.08, the default judgment was interlocutory, and no final, appealable order existed until a judgment disposed of all defendants and issues in the case.

The case before us differs from *Eichorn*, however, in that here, we do not have some defendants appearing and others in default, we have one defendant in default and the other *not served*. Rule 74.08, restricting itself to those cases where "there are several defendant . . . and some of them appear . . . and others make default" is inapplicable to a case in which one defendant remains entirely without process.

Although of ancient vintage, the reasoning in *Hooven, Owens & Rentschler Co. v. John Featherstone's Sons*, 111 F. 81 (8th Cir.1901), as to the importance of this difference remains convincing.[2] There, a creditor brought suit against two defendants, one of which (Featherstone) was never served, and the action proceeded against the other (Dold Co.). On appeal, respondent Dold argued that the plaintiff could not appeal the adverse judgment of the trial court because the right to relief from co-defendant Featherstone had not been determined and accordingly, the judgment was not final. The Court distinguished cases cited by Dold in which service of process had been made on other parties whose rights remained undetermined. That court held at 84–85 that because the rights of an unserved defendant are unaffected by suit against other defendants, the existence of the unserved defendants is no bar to finality:

> [W]hile Featherstone's Sons is named in the petition and summons as a defendant, it has never been served with process, and has never appeared in the proceedings, so that its rights are not and cannot be affected any more by the decree than if its name had never appeared in any of the papers in the case. . . . In legal effect upon the parties now here . . . the

suit stands as if Featherstone's Sons had never been named as parties to it, and its only nominal parties had been its only real parties, the appellant and the Dold Company. . . . *While it is true that the rights of the appellant against Featherstone's Sons are left undetermined, that is not because any issue or right involved in this suit as it stands is left undisposed of, but because the rights of the appellant against Featherstone's Sons were not, and never could be, involved in this proceeding while that corporation remained a stranger to it. The decree was therefore final. . . .* (Emphasis added.)

The Missouri Supreme Court has agreed that a failure to dismiss suit against an unserved defendant does not defeat the validity of the judgment against served defendants. In *State ex rel. Cunningham v. Haid*, 328 Mo. 208, 40 S.W.2d 1048 (1931), plaintiff sued three defendants for personal injuries, two of whom were never served. Nevertheless, a verdict was obtained against all three defendants. Although the court of appeals reversed as to all three, the Supreme Court quashed that judgment for the reason that plaintiff could have dismissed the action against the non-served defendants at any time, and the failure to do so did not make the verdict against the served defendant any less valid. In the case before us, just as in that negligence case, although the defendant may be entitled to contribution from his co-defendant, plaintiff had no obligation to bring the action against all defendants at once, and as the *Cunningham* court said 40 S.W.2d at 1050, "It is inconceivable that the defendant against whom the valid judgment was rendered could have suffered any injury from plaintiff's failure to have had entered in the trial court a formal entry of dismissal as to its codefendants."

We emphasize again that both *Cunningham* and *Featherstone* are concerned with defendants who were never served, completely distinguishable from cases where all defendants were served and affected by the trial court's judgment. In the latter situa-

---

**2.** Equally convinced was the court in *Leonhard v. United States*, 633 F.2d 599, 609 (2d Cir. 1980), which relied on *Featherstone* in holding

that the absence of a dismissal as to an unserved defendant was no impediment to appeal.

tion, Rule 74.08 controls, delaying final judgment until the case against all defendants is concluded. Where one defendant (not a necessary party) remains unserved, however, we find no justification for delaying final judgment against the defaulting defendant, especially in light of the oft-cited rule that finality simply requires the final determination of the rights of all parties. Because the unserved defendant's rights remain as unaffected as if he had never been named, his existence is no bar to finality.

For the foregoing reasons, we hold that on February 6, 1981, the trial court was without jurisdiction to set aside the September 10, 1980, default judgment and, therefore, Mr. Mitchell's answer as well as Citizens Bank's motion for summary judgment were never properly before the court.

Accordingly, we set aside both the summary judgment and the order of February 6, 1981, which set aside the default judgment of September 10, 1980, leaving the September 10 judgment intact.

All concur.