**JIMMY DAN,
INCORPORATED, Plaintiff,**

v.

**CHRYSLER CREDIT CORPORATION
and Chrysler Corporation,
Defendants.**

**No. 86–0431–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

Sept. 2, 1986.

Max W. Foust, Kirk R. Presly, Kansas City, Mo., for plaintiff.

Howard D. Lay, Richard Hendricks, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, Mo., for defendants.

### ORDER

SCOTT O. WRIGHT, Chief Judge.

This case involves a car dealership, plaintiff Jimmy Dan, Inc., and an automobile manufacturer, defendant Chrysler Corporation and defendant Chrysler Credit Corporation. Defendants have filed their separate motions to dismiss three of the four counts for failure to state a cause of action.

Count I of plaintiff's petition states "[t]hat the nature of plaintiff's relationship with defendants was one of franchisor-

franchisee and that defendants owed plaintiff a fiduciary duty of good faith and fair dealing." The complaint goes on to enumerate how defendants breached this alleged fiduciary duty. Defendants contend, and this Court agrees, that Missouri law is quite clear that no fiduciary relationship exists between a franchisor and a franchisee. In *Chmieleski v. City Products Corp.*, 660 S.W.2d 275, 295–300 (Mo.App. 1983), the court said:

> The record does reveal that two parties entered into a franchise agreement. Neither party was a stranger to such a business relationship. The terms of the franchise were set forth in specific detail ... There was no fiduciary relationship as between these parties as a matter of law....

Thus, while the standard for a motion to dismiss is to review the complaint in a light most favorable to the plaintiff, *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974), there is no way the plaintiff can state a claim for breach of fiduciary duty under the facts alleged.

■ Under Count II plaintiff alleges a tortious interference with a business relationship, i.e. "the continued transactions of business with consumers in the community." Defendants point to Missouri law that says until a definite offer is made, there is no offer subject to interference. *Shafer v. Western Holding Corp.*, 673 S.W.2d 117, 121 (Mo.App.1984). Plaintiff has only alleged a general expectancy, but in its suggestions in opposition ask in the alternative for leave to amend to make a more complete statement as to this tortious interference claim. As such, a motion to dismiss is not appropriate at this time.

■ Count III alleges a prima facie tort. Defendants cite *Tufts v. Madesco Investment Corp.*, 524 F.Supp. 484, 486 (E.D. 1981), for the proposition that use of this doctrine is not justified when the plaintiff alternatively *pleads* an established tort. However, the federal court in *Tufts* misinterprets Missouri law. In *Bandag of*

*Springfield, Inc. v. Bandag, Inc.*, 662 S.W.2d 546, 554 (Mo.App.1983), the court held that "alternative *pleading* of a prima facie tort cause of action is not objectionable, Mo.R.Civ.P. 55.10, but if at the close of all the evidence, the plaintiff's proof justifies submission his cause as a recognized tort, the prima facie claim may not be submitted." *See also Porter v. Crawford*, 611 S.W.2d 265, 270 (Mo.App.1981). Therefore, dismissal for failure to state a claim is not appropriate.

■ Defendants also move to strike the plaintiff's claim for punitive damages under Count III in that such damages are not recoverable in a prima facie tort case. However, in *State v. Kansas City Firefighters Local 42*, 672 S.W.2d 99, 126 (Mo. App.1984), an award for punitive damages was not challenged on the ground it was under a prima facie tort claim.[1] While a prima facie tort is premised upon the commission of a lawful act, the defendant's conduct still must rise to the level of being willful, wanton, or malicious. Therefore, if this claim was submitted to a jury, punitive damages may be recovered.

For the above reasons, it is hereby

ORDERED that

(1) defendants' motion to dismiss Count I for failure to state a claim is granted;

(2) defendants' motion to dismiss Count II for failure to state a claim is denied, but plaintiff shall, within twenty (20) days of the date of this order, file an amended complaint setting out a more definite statement of this claim;

(3) defendants' motion to dismiss Count III or in the alternative to strike the claim for punitive damages is denied.

---

1. The award was remanded on other grounds.