James HAGAN & Jane Hagan, Respondents,

v.

David BUCHANAN, Defendant,

Angelo's Tow Service, Appellant.

No. WD 66070.

Missouri Court of Appeals, Western District.

Jan. 23, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 2007.

Howard C. Gosnell, Jr., Kansas City, for appellant.

Craig Kevin Sweeney and Cynthia A. Holmes, Kansas City, for respondent.

RONALD R. HOLLIGER, Judge.

Angelo's Tow Service (hereinafter "Angelo's") appeals the denial of its motion to set aside the default judgment entered when Angelo's failed to respond or appear after being served with a summons and petition in this personal injury suit. The trial court concluded that Angelo's motion to set aside was untimely because it was filed more than a year after the default judgment was entered, though the default judgment only became final *after* the motion was filed. On appeal, Angelo's contends (1) the one-year time period for filing a motion to set aside a default judgment under Rule 74.05 begins to run when the judgment is final, not when the default judgment is entered, so Angelo's motion was timely; and (2) its motion to set aside the default judgment should be granted for good cause under Rule 75.01. Affirmed.

### Facts

James and Jane Hagan (hereinafter collectively referred to as "Hagan") filed suit against David Buchanan and his employer, Angelo's Tow Service, for property damage, personal injuries, and loss of consortium arising from a two-vehicle collision. Angelo's and its insurer settled the property damage claim and the personal injury claim of James Hagan, but the Hagans dismissed without prejudice their claims for Ms. Hagan's personal injury and Mr. Hagan's loss of consortium because Ms. Hagan remained under treatment for her injuries. Hagan refiled the dismissed claims in the present suit on April 11, 2002. Mr. Buchanan could not be found for service of process but Angelo's registered agent was served on April 20, 2002. Hagan's attorney made phone calls to Angelo's insurer both before and shortly after the present suit was filed, as demonstrated by Hagan's attorney's phone records. Additionally, on April 22, 2002, Hagan's attorney called Angelo's registered agent and advised her to send copies of the petition to both Angelo's and its insurer. Angelo's, nevertheless, did not respond or appear.

On November 21, 2003, the trial court held a hearing at which Hagan presented evidence of damages. And on December 4, 2003, the trial court entered a default judgment including damages. Garnishment was issued on January 14, 2005, and served to Angelo's on February 2, 2005. On April 6, 2005, Angelo's moved to set aside the default judgment. On July 8, 2005, with the trial court not having addressed the motion to set aside, Angelo's filed a notice of appeal. We dismissed the appeal as premature because there was no final judgment in the case, as Mr. Buchanan was still a party and the claims against him remained unresolved. On October 12, 2005, the trial court granted Hagan's motion to dismiss Mr. Buchanan without prejudice and denied as untimely Angelo's motion to set aside the default judgment. Angelo's appeals the denial of its motion to set aside.

### Discussion

#### I.

Angelo's first point on appeal contends that because the judgment was not final

and appealable until Mr. Buchanan was dismissed, the time allowed to move to set aside the default judgment also did not begin to run until Mr. Buchanan was dismissed. The thrust of Angelo's argument is that the trial court erred in concluding that Angelo's motion to set aside the default judgment was filed past the one-year time limit in Rule 74.05(d). Inexplicably, Angelo's first point on appeal does not even mention Rule 74.05, although the motion to set aside refers exclusively to it. Angelo's first point relies instead on abrogated default judgment statutes, which Angelo's did not raise to the trial court, and which we address later in the opinion.

The relevant text of Rule 74.05, which governs this case, reads as follows:

> (a) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party....
>
>   ....
>
> (d) Upon motion stating facts constituting a meritorious defense and for good cause shown, a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment.
>
> Also relevant is Rule 74.01, applicable to all judgments, subsection (a) of which states, 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed.

Read together, Rules 74.01(a) and 74.05(d) say a judgment is entered when filed and a party may move to set aside a default judgment within one year of its entry. Here, the judgment was entered December 4, 2003, and Angelo's moved to set it aside April 6, 2005, well after one year from the entry of judgment. The trial court applied this reading of the Rules. But we must also consider Rule 74.01(b), which reads as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

See also, former Rule 74.08, Mo. Rules of Court (1987).

Angelo's contends that this language means the judgment here was nothing more than an interlocutory order subject to revision. We recognize Rule 74.01(b)'s care in referring to any other form of decision and making that other form of decision subject to revision at any time before the entry of judgment. Indeed, on the facts before us, Rules 74.01(a) and 74.01(b) appear to contradict one another. On one hand, the judgment was entered when first filed and signed, under Rule 74.01(a). On the other hand, the judgment was no judgment at all (but was an other form of decision) until there was an entry of judgment adjudicating all the claims and the rights and liabilities of all the parties under Rule 74.01(b). The precise question

we must decide is whether the judgment was entered, starting the one-year clock for Rule 74.05(d), when first filed, or when Mr. Buchanan was dismissed.

■ The answer lies in the distinctive character of a default judgment. A default judgment cannot, itself, be appealed. *Kuhlman v. Arnold,* 154 S.W.3d 430, 431 (Mo.App.W.D.2005). Instead, the motion to set aside is treated as an independent action, and the decision to grant or deny the motion is an independent judgment. *Moore v. Baker,* 982 S.W.2d 286, 288 (Mo. App. W.D.1998) (citing *Kueper v. Murphy Distrib.,* 834 S.W.2d 875, 878 (Mo.App. E.D.1992)); see Order of Missouri Supreme Court, June 27, 2006 (amending Rule 74.05(d), adding sentence effective Jan. 1, 2007: "A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06."). As we explained in Moore, Rule 74.05, effective January 1, 1988, changed the time limitations and allowed a motion to set aside a default judgment to be filed up to one year after entry of the default. "This new time provision serve[d] to sharply distinguish motions to set aside default judgments from motions for new trial and other motions in the nature thereof." [T]he courts now consider [a motion] to set aside a default judgment to be an independent action. 982 S.W.2d at 288 n. 2 (quoting *Clark v. Brown,* 794 S.W.2d 254, 256 (Mo. App.1990)). We therefore hold that when a motion to set aside a default judgment is made more than one year after the default judgment was filed, denominated "judgment," and signed by the judge, the motion is untimely even if the judgment is not yet "final" for all other purposes. Here, the one-year clock began to run when the default judgment was "entered," not when the judgment became "final" because the unserved defendant was dismissed. The motion was, therefore, untimely.

Angelo's relies heavily on Mo.Rev.Stat. Section 511.130, last revised in 1939, but we find it unavailing, as it is abrogated by Rule 74.01(b). See Rule 41.02 (the Rules supersede all statutes and existing court rules inconsistent therewith). Angelo's argues that, under section 511.130, the judgment here was interlocutory, and it, therefore, did not start the clock on Rule 74.05 until it became final. Angelo's asserts that section 511.130 was applied in *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 539 (Mo.App. E.D.2001), and that the statute therefore remains applicable to default judgments. *Beckmann* discusses the statute only for the purpose of explaining that "interlocutory" judgments are not "final" judgments, and concludes that the trial court did not err in calling its decision an "interlocutory judgment" instead of an "interlocutory order" or simply a "judgment" as the terms are used in Rule 74.05. *Id.* at 539–40. *Beckmann* does not apply the statute; it merely cites the statute as historical evidence that there can be only one "final" judgment in a case. It says nothing about when the clock runs under Rule 74.05. And whether the judgment is final or interlocutory is irrelevant to this case: Rule 74.05(d) does not start the clock running when the judgment becomes "final"; it starts the clock running upon its "entry." Furthermore, even if section 511.130 were not abrogated, it would not apply here, because by its own terms section 511.130 applies only where "some [defendants] appear and plead and others make default." No defendants appeared here.

Angelo's also argues that Mo.Rev.Stat. section 511.150, which allows a party to demand a jury trial for damages after an interlocutory judgment for liability, contains no time limitation so Angelo's motion could *never* be untimely. We need not

determine whether Angelo's reading of section 511.150 is correct, because like section 511.130, it is abrogated by the Rules. *Compare* Rule 74.05(a) (allowing entry of a default judgment "upon proof of damages"), *with* former Rules 74.05(a), (b) Mo. Rules of Court (1988) (granting right to "demand a jury to assess damages" following the entry of an "interlocutory order of default").

We have previously found a motion to set aside untimely on virtually identical facts and rejected an argument nearly identical to Angelo's. In *Citizens Bank & Trust of Rock Port v. Mitchell*, the defendant Mitchell had been served and another defendant was unserved. 652 S.W.2d 202, 203 (Mo.App. W.D.1983). The trial court entered default judgment for both liability and damages against Mr. Mitchell. *Id.* The trial court set aside the default judgment when Mr. Mitchell moved to quash the execution and sale pursuant to that judgment, then reinstated that same default judgment. *Id.* On appeal by Mr. Mitchell, we concluded that his motion to quash the execution, construed as a motion to set aside the default, was untimely (applying the thirty day time allowed under the then applicable Rule), despite the fact that the unserved codefendant had not been dismissed. *Id.* at 204. We concluded the original judgment became final thirty days after entered, notwithstanding the failure to deal with the unserved defendant, *id.*, and we reinstated the original default judgment, *id.* at 206. Although the time allowed to move to set aside a default judgment has been extended, *Citizens Bank* is otherwise applicable here.

Angelo's argues (ironically in light of its reliance on sections 511.130 and 511.150) that *Citizens Bank* is inapposite because the Rules have since been amended. We think the amendments to the relevant rules weigh in *favor* of following *Citizens Bank*. Extending to one year the time allowed for motions to set aside, as the modern Rule does, supports the case law distinguishing default judgments from other judgments. Our Supreme Court's latest amendment to Rule 74.05(d), though not applicable to the present case, codifies this principle, as expressed in our prior cases. It says: "A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06." Order of Missouri Supreme Court, June 27, 2006 (effective January 1, 2007). A motion to set aside a default is different because a default judgment is different. And a defaulting defendant may not wait to see whether a remaining defendant wins on the defaulter's behalf, then have an additional year to challenge the default if the plaintiff prevails.

The cases Angelo's cites do not contradict our conclusion, as they do not address the question presented here, and many do not even apply the modern Rules that govern this case. *Woods v. Juvenile Shoe Corp. of Am.*, 361 S.W.2d 694 (Mo.1962) (affirming trial court's power to amend an interlocutory order dismissing a cross-claim); *Electrolytic Chlorine Co. v. Wallace & Tiernan Co.*, 328 Mo. 782, 41 S.W.2d 1049, 1053 (1931) (trial judgment in favor of one codefendant renders null a default judgment as to liability of other codefendant, because defaulting party was liable only if answering party was liable); *Trimble v. Pracna*, 51 S.W.3d 481, 491 (Mo.App. S.D.2001) (interlocutory default judgment was a nullity where plaintiff subsequently amended pleadings, and trial court retained jurisdiction to modify nonfinal judgment); *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533 (Mo.App. E.D. 2001) (default judgment against one defendant is in abeyance until claims against all defendants are disposed of; default judg-

ment must be set aside because unliquidated damages were not proven); *Shelby v. Slepekis,* 687 S.W.2d 231, 236 (Mo.App. W.D.1985) (interlocutory default judgment for damages against non-appearing codefendant is not valid against codefendant who appears; appeal dismissed for lack of final judgment); *State ex rel. Landmark KCI Bank v. Stuckey,* 661 S.W.2d 58, 62 (Mo.App. W.D.1983) (setting aside default judgment for damages against only one codefendant, applying former Rule 74.09, which allowed default judgment only for liquidated damages).

Angelo's further argues that because the judgment was not final when entered, we should treat it as an interlocutory order under Rule 74.05(b), which provides that an interlocutory order of default may be entered where liability, but not damages, is determined by default. In contrast, Rule 74.05(a) allows the court to enter judgment assessing both liability and damages against the defaulting party. Under Rule 74.05(d), the interlocutory order of default for liability does not start the clock running; rather, the motion to set aside must be filed within one year after the entry of the default *judgment.* (Emphasis added.) Angelo's contends that the judgment here was not final, so it must have been merely an interlocutory order, subject to modification. But the judgment was for both liability and damages, as contemplated by Rule 74.05(a), and its lack of finality does not render it an interlocutory order as contemplated by Rule 74.05(b). Regardless of whether the judgment was final, as would be necessary to support appellate jurisdiction, or remained modifiable, as might be the case had Buchanan been served and appeared, the motion to set aside was untimely under the only rule that allows for such a motion: Rule 74.05(d). Point denied.

## II.

In its second point, Angelo's argues that the trial court erred in failing to exercise its discretion to set aside the judgment under Rule 75.01. Angelo's did not raise this argument to the trial court. Angelo's motion to set aside the judgment refers exclusively to Rule 74.05 and its requirements, and says nothing about Rule 75.01 or its requirements, or any other Rule providing for relief from a judgment. The motion begins, COMES NOW Defendant Angelo's Towing Service, Inc. pursuant to Missouri Supreme Court Rule 74.05(d) and moves the Court to set aside the default judgment rendered against it. Angelo's reply brief insists its motion, although it refers exclusively to Rule 74.05, was nevertheless a motion for new trial under Rule 75.01. We disagree. We will not consider arguments not raised below and made for the first time on appeal. *Crain v. Crain,* 19 S.W.3d 170, 175 (Mo. App. W.D.2000). Point dismissed as unpreserved for review.

The judgment is affirmed.

JOSEPH M. ELLIS, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.