

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **CHARLES HARRIS,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | **WD87060** |
| **V.** | ) | |
| | ) | **OPINION FILED:** |
| **DEPARTMENT OF** | ) | **MAY 27, 2025** |
| **CORRECTIONS, ET AL.,** | ) | |
| | ) | |
| **Appellants.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Jon E. Beetem, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and W. Douglas Thomson, Judge

The Missouri Department of Corrections, Alana Boyles, and Lisa Clark (collectively "Appellants") appeal a judgment from the Circuit Court of Cole County, Missouri ("trial court"), ordering Appellants to pay Charles Harris ("Harris"), a former employee of the Department of Corrections, compensatory and punitive damages on claims of discrimination and retaliation brought under the Missouri Human Rights Act ("MHRA"), section 213.010, *et seq.*[1]  On appeal, Appellants argue:  Point I, the trial court erred in entering its judgment assessing damages against Appellants because the trial

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by supplement through 2021, unless otherwise noted.

court lacked authority to conduct any proceeding after October 27, 2019, because Appellants' motion for change of venue was granted by operation of law; Point II, the trial court erred in improvidently entering a default judgment on liability against Appellants because they had been defending the lawsuit; and Point III, the trial court abused its discretion in denying Appellants' motion to set aside the trial court's interlocutory order of default because Appellants demonstrated good cause and a meritorious defense. We dismiss the appeal.

## Factual and Procedural Background

On May 14, 2019, Harris filed a petition in the trial court alleging Appellants violated the MHRA by subjecting Harris "to a continuing course of racial discrimination, harassment, retaliation, and hostile work environment" in relation to his employment at the Chillicothe Correctional Center. On July 29, 2019, Appellants filed a motion for change of venue to Livingston County, Missouri, asserting that "[a]ll of the alleged unlawful discriminatory practices set forth in [Harris's] petition occurred at Chillicothe Correctional Center in Livingston County, Missouri." On the same day, Appellants also filed a motion to dismiss asserting Harris's petition failed to state a claim for relief as the claims were barred by the statute of limitations and also asserting all allegations against Alana Boyles and Lisa Clark were barred by the MHRA as they were individual employees and not considered an "employer." Appellants also filed a motion for more definite statement. No ruling was made on any of these motions.

Subsequently, on April 14, 2020, Appellants filed a "renewed and amended" motion to change venue, including affidavits from Alana Boyles and Lisa Clark stating

2

that "[n]one of the allegations pertaining to [Harris's] Petition occurred in Cole County, rather, they occurred in Livingston County at Chillicothe Correctional Center." The trial court entered a docket entry on August 13, 2020, denying Appellants' motion for change of venue.

On November 5, 2020, Harris filed his first amended petition. Thereafter, Appellants filed a motion to strike Harris's amended petition and a motion to dismiss asserting Harris failed to state a claim and the allegations were barred by the MHRA's statute of limitations. Harris filed a second amended petition on June 18, 2021, including seven counts under the MHRA for alleged improper conduct that occurred prior to and after August 28, 2017. Appellants filed another motion to dismiss asserting Harris failed to state a claim for relief and his allegations were time-barred. On October 8, 2021, the trial court granted Appellants' motion to dismiss as to three counts, and denied the motion as to the remaining four counts.

On March 14, 2022, the parties filed a joint motion to continue the trial date, which had been set for April 11, 2022. The joint motion stated that Harris notified Appellants that he had obtained another right to sue letter from the Missouri Commission of Human Rights ("MCHR"), and Harris "may move to amend his Second Amended Petition." The record indicates that from March 15, 2022, to June 27, 2023, no further action was taken by either party on the case.

On June 28, 2023, Appellants filed a motion to continue the trial date, which had been rescheduled for October 6, 2023, as the case was being assigned to new counsel within the Attorney General's office. Harris opposed Appellants' motion to continue the

3

trial date and also moved for an interlocutory order of default judgment on July 3, 2023. In his motion, Harris requested the trial court to enter an interlocutory order of default judgment, under Rule 74.05(b), in favor of Harris because Appellants failed to file a timely answer to Harris's second amended petition. In support of Harris's motion, he attached a March 10, 2022, email from Appellants' prior counsel acknowledging Appellants' need to file an answer out of time and requesting Harris's consent.

On August 2, 2023, Appellants filed a motion for leave to file their answer out of time, attributing their failure "to an inadvertent oversight" by counsel. Appellants also filed a response to Harris's motion for interlocutory order of default, asserting an order of default was not appropriate because they had "otherwise defend[ed]" against Harris's claims. Appellants subsequently filed an amended response to Harris's motion for interlocutory order of default, asserting that the reason their answer was not timely filed was because Appellants "were under the impression that [Harris] was planning to file a third amended petition." In their response Appellants attached an affidavit from prior counsel stating that she relied on the representation of Harris's counsel that a third amended petition would be filed. Appellants also attached an email thread between parties' counsels where Harris's counsel conveyed Harris "received another right to sue letter and may need to amend" the petition, further noting that if Harris amended the petition, there would be no issue with Appellants' untimely answer because they would have to respond to the new petition.

The trial court entered its "interlocutory judgment of default" on August 16, 2023. The trial court denied Appellants' motion for leave to file an answer out of time noting

4

the proposed answer "seemed to be cut and paste, not specific to the instant cause and devoid of factual allegations in the 'affirmative defenses' which would permit this Court to determine if any meritorius [sic] defense existed." The trial court further noted that "[t]he only subsequent activity on the file was the entry and withdrawal of various assistant attorney generals" from March 2022 to June 2023. Moreover, the trial court commented on the unreasonableness of Appellants' purported reliance on an email from Harris's counsel that he might file a third amended petition, noting the possibility of filing an amended petition was "foreclosed some time ago by operation of law" consistent with the time requirements of MHRA and relative right to sue letters. The trial court found Harris to be entitled to a default judgment on the issue of liability and scheduled an evidentiary hearing on damages. Appellants did not file an answer to the original petition or either of the amended petitions that had been filed by Harris in this matter.

Appellants filed a motion to set aside the interlocutory order of default on October 6, 2023, asserting they actively participated in the course of litigation and Harris was not prejudiced by Appellants' lack of answer to the second amended petition because Harris was at all times on notice of Appellants' denials of his claims. At a pre-trial conference, Appellants argued their motion to set aside, asserting they had always been involved in the defense but made a mistake by failing to timely file an answer to Harris's second amended petition. Harris asserted he had been prejudiced by the additional delay as he had been waiting for his opportunity to bring his claims to trial. Harris argued Appellants had "checked out of this case", and they only participated when ordered by the trial court, and aside from that "they have not done anything in this case to prepare." The trial court

5

noted that it was trying to figure out what the "good cause" was for granting Appellants' motion to set aside and noted that while Appellants denied the allegations against them, the trial court was not sure that amounted to a "meritorious defense." On October 11, 2023, the trial court denied Appellants' motion to set aside the default judgment in a docket entry.

The trial court conducted a bench trial on Harris's damages where all parties presented evidence. The matter was ultimately taken under advisement. Thereafter, Appellants filed a "Motion For Judgment And Memorandum In Support" asserting a default judgment was not proper because it was not supported by the law and record. Additionally, Appellants filed a motion to set aside all orders and actions taken by the trial court after October 27, 2019. In their motion, Appellants argued for the first time that their first motion for change of venue, filed on July 29, 2019, was never denied by the trial court and that their renewed motion was subsequently denied by the trial court more than ninety days after the motion for change of venue was filed. Accordingly, Appellants contended the trial court lost authority over the matter after October 27, 2019, as their first motion for change of venue was deemed granted as a matter of law pursuant to section 508.010.10. The trial court denied the motion finding Appellants "waived any claim for a change of venue by not addressing the issue after the first amended petition and certainly after the second amended petition and not seeking relief until after the trial." On February 22, 2024, the trial court entered judgment in favor of Harris assessing damages in the amount of $750,000 in compensatory damages and $250,000 in punitive damages. This appeal follows.

6

**Analysis**

Appellants raise three points on appeal. Points I and II are direct challenges to the default judgment. Point III challenges the trial court's denial of Appellants' motion to set aside the interlocutory order of default.

A motion to set aside a default judgment under Rule 74.05(d) is an independent equitable action and not an authorized after trial motion. *First Cmty. Bank v. Hubbell Power Sys., Inc.*, 298 S.W.3d 534, 538 (Mo. App. S.D. 2009).

> [A] default judgment is generally "not appealable in the absence of a motion to set aside or vacate[.]" *Vonsmith*, 666 S.W.2d at 424. The corollary to this rule is that allegations of legal error in the underlying default judgment are generally "moot unless the default is set aside." *Wooten v. Wentworth Entm't Grp., LLC*, 552 S.W.3d 118, 123 (Mo. App. 2018); *see also First Cmty. Bank v. Hubbell Power Sys., Inc.*, 298 S.W.3d 534, 538 (Mo. App. 2009) (explaining that, because a Rule 74.05(d) motion is an independent action, the circuit court correctly concluded the "allegations of error relating to that underlying [default] judgment are moot unless the default is set aside"). Further, because this Court's 2007 amendment to Rule 74.05(d) provides a motion to set aside a default judgment is an independent action resulting in an independent judgment, *Brungard*, 240 S.W.3d at 687, the issues in an appeal from a judgment denying relief under Rule 74.05(d) are limited to whether the circuit court abused its discretion by finding there was no good cause or meritorious defense.

*Steele v. Johnson Controls, Inc.*, 688 S.W.3d 192, 200 (Mo. banc 2024). Because Appellants' allegations of error in Point I and II relating to the merits of the default judgment are generally moot unless we find error in the trial court's denial of Appellants' motion to set aside the default judgment, we first address Point III.

7

**Point III**

In Appellants' third point on appeal, Appellants assert the trial court abused its discretion in denying Appellants' motion to set aside the trial court's interlocutory order of default because Appellants demonstrated good cause and a meritorious defense.

"[A] judgment granting or denying a motion to set aside a default judgment[] must meet the requirements of a judgment under Rule 74.01(a) before it may be appealed." *Cook v. Griffitts*¸498 S.W.3d 855, 858 (Mo. App. W.D. 2016). "A judgment is entered when a writing *signed by the judge and denominated 'judgment'* or 'decree' is filed." *Id.* at 857.

The trial court entered its interlocutory order of default on August 16, 2023, and Appellants filed a motion to set aside the interlocutory order of default. Here, the trial court denied Appellants' motion to set aside the default judgment through an unsigned docket entry on October 11, 2023. The trial court's docket entry was not a final and appealable judgment as the entry was not denominated as a "judgment" or "decree" and was not signed by the judge. *See* Rule 74.01; *see also Robertson v. Rosner*, 641 S.W.3d 436, 440 (Mo. App. W.D. 2022) (holding trial court's order denying party's motion to set aside default judgment was not a final, appealable judgment as it did not meet the requirements under Rule 74.01(a)).

Appellants disagree and argue that the judgment entered on February 22, 2024 incorporated all of the trial court's previous orders, including its docket entry denying Appellants' motion to set aside the default judgment. *See State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 401 (Mo. banc 2016) ("[A] final judgment

8

necessarily incorporates all prior orders or judgments that adjudicated some--but fewer than all--of the claims and the rights and liabilities of all the parties."). Thus, Appellants assert that the denial of their motion to set aside the default judgment is now a final appealable judgment from which they can bring this appeal. We disagree.

It is well established that a motion to set aside an interlocutory order of default is an "independent action." Rule 74.05(d); *see Steele*, 688 S.W.3d at 199 n.10 ("This Court amended Rule 74.05(d) effective January 1, 2007, to make it clear that a motion to set aside a default judgment is an independent action 'treated as an **independent judgment**.'")(emphasis added) (citation omitted). Appellants fail to cite any authority, and we find none, to support the assertion that the trial court's final judgment assessing damages effectively incorporated rulings entered in the *separate, independent action* initiated by Appellants' motion to set aside the prior default judgment. Because there is no final appealable judgment setting forth the trial court's denial of Appellants' motion to set aside the default judgment, Point III is denied.

**Points I and II**

Appellants' first point on appeal is that the trial court erred in entering the default judgment assessing damages against them, because the trial court lacked authority to conduct any proceedings after October 27, 2019, because Appellants' motion for change of venue was deemed granted as a matter of law.[2] In Appellants' second point on appeal,

---

[2] The proper way to raise a claim of error regarding improper venue is through a writ of mandamus. *See State ex rel. Monsanto Co. v. Mullen*, 672 S.W.3d 235, 239 (Mo. banc 2023). Appellants never sought mandamus relief to require a change of venue, and instead waited until

they assert that because they were defending the lawsuit, the default judgment on liability was actually a judgment on the merits that was improvidently entered as a default judgment.

We have already explained that "a default judgment cannot be appealed." *First Cmty. Bank*, 298 S.W.3d at 538 (citing *Hagan v. Buchanan,* 215 S.W.3d 252, 255 (Mo. App. W.D. 2007)). Because a Rule 74.05(d) motion is an independent action, allegations of error relating to the merits of a default judgment are generally moot unless the default judgment is set aside. *Steele*, 688 S.W.3d at 200. Here, Appellants' challenge to the trial court's denial of their motion to set aside the default raised in Point III has been denied, for the reasons explained, rendering moot the challenges to the default judgment raised in Points I and II.

The only exception to the general rule prohibiting a direct appeal from a default judgment is a narrow one inapplicable here. A direct appeal from a default judgment "is only authorized where the appellant challenges the subject matter jurisdiction of the circuit court." *Robertson*, 641 S.W.3d at 443. Appellants' argument in Point I that the trial court "lacked authority" to conduct any proceeding and enter any judgment after October 27, 2019, as Appellants' motion to change venue was deemed granted by operation of law, is not an argument regarding the trial court's subject-matter jurisdiction. *See Puetz-Anderson v. Puetz*, 629 S.W.3d 95, 98 (Mo. App. E.D. 2021) ("Venue and subject matter jurisdiction are distinct concepts, and improper venue, while erroneous,

after the case was tried on damages to raise for the first time the contention that their motion for a change of venue had been deemed granted pursuant to the statute.

10

does not divest a trial court of jurisdiction."). Similarly, Appellants' argument in Point II that the default judgment was actually a judgment on the merits because they were defending the lawsuit is likewise not a challenge to the trial court's subject matter jurisdiction.[3]

Points I and II are denied.

## Attorneys' Fees on Appeal

Harris filed a motion with this Court requesting attorneys' fees on appeal, which has been taken with this case. The MHRA authorizes a court to award a prevailing party "reasonable attorney fees," which includes a party's appellate attorneys' fees. Section 213.111.2; *see Hays v. Dep't of Corr.*, 690 S.W.3d 523, 529 (Mo. App. E.D. 2024). Harris briefed and argued the issues raised by Appellants' appeal, and we are dismissing the appeal on grounds Harris raised. Accordingly, Harris is the prevailing party in securing dismissal of this appeal, and thus we grant Harris's motion for attorneys' fees on appeal. *See Wiseman v. Mo. Dep't Corr.*, WD 86412, 2025 WL 898740, at *6 (Mo. App. W.D. Mar. 25, 2025) (awarding attorneys' fees to the prevailing party when dismissing appeal for lack of jurisdiction); *Hays*, 690 S.W.3d at 529 (dismissing appeal for lack of jurisdiction and awarding prevailing-party attorneys' fees).

---

[3]Appellants were repeatedly asked during oral argument to clarify whether Point II on appeal was a challenge to the merits of the default judgment itself or an alternative basis for challenging the trial court's denial of the motion to set aside the default judgment. Appellants repeatedly confirmed that they did not intend Point II to be interpreted as an argument claiming trial court error in the denial of Appellants' motion to set aside the default judgment. Even were we to construe Point II as an argument challenging the denial of Appellants' motion to set aside the default judgment, we would nonetheless deny the point. As explained, no final judgment has been entered in the independent action initiated by Appellants' motion to set aside the default judgment from which an appeal could be taken.

11

While this Court has the authority to determine attorneys' fees on appeal, "we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested." *Hays*, 690 S.W.3d at 529 (citation omitted). Therefore, we remand the matter to the trial court to determine and award Harris reasonable attorneys' fees arising from this appeal.

## Conclusion

For the above-stated reasons, we dismiss this appeal. On remand the trial court shall determine and award Harris reasonable attorneys' fees for this appeal.

_____
Gary D. Witt, Judge

All concur